33708. BEAVERS *v.* PACIFIC NATIONAL FIRE INSURANCE COMPANY.

GARDNER, J. An action was brought by Beavers against the Pacific National Fire Insurance Company, based upon a fire insurance policy. The court dismissed the petition on oral motion. The policy provided for arbitration. The defendant called for arbitration. Arbitrators were appointed, one by the plaintiff, one by the defendant, and upon disagreement between the two, a third arbitrator by the judge of the city court. The arbitrators assessed $375 as damages caused by the fire. This arbitration and award was returned within four months. The policy contained a limitation of one year from the inception of the loss within which to bring an action on it. The plaintiff did not begin the action in the instant case until after twelve months—fifteen months after the fire or the inception of the loss. The plaintiff contends that, since the defendant called for arbitration as specified in the policy; the limitation for bringing the suit was thus extended for twelve months from the date of the arbitration proceedings. *Held*:

We think that this contention is correct, by virtue of the following authorities: "Where a policy of insurance provides that no action thereon shall be maintainable unless commenced within twelve months next after the happening of the loss, and the parties enter into such an agreement for the appraisal of the loss, the agreement to thus adjust their differences tolls the limitation provided in the contract, and the period of limitation does not run during the pendency of the appraisement proceeding." *Insurance Co. of North America* v. *Folds,* 35 *Ga. App.* 720 (3) (135 S. E. 107); also *National Union Fire Ins. Co.* v. *Ozburn,* 57 *Ga. App.* 90 (194 S. E. 756).

Oral motions are in the nature of a general demurrer. The court passed the following order as appears from the bill of exceptions: "On motion of the defendant, it appearing that action on the policy was not taken within twelve months of the inception of the loss, the within suit is dismissed. In open court, this May 28th, 1951. Cleveland Rees, J.S.C.S.W.C." It will thus be noted that the sole ground upon which the court dismissed the petition was that action on the policy had not been taken within twelve months of the inception of the loss. Since the time for filing the suit began to run from the conclusion of the appraisement proceedings and since the action was brought within 12 months of that date, it was brought within the time limit fixed by the provisions of the policy.

The court therefore erred in dismissing the action on this ground.

Judgment reversed. MacIntyre, P.J., and Townsend, J., concur.

DECIDED JANUARY 17, 1952.

Fort & Fort, for plaintiff.
Dykes, Dykes & Marshall, for defendant.