43332. ZAPPA et al. v. ALLSTATE INSURANCE COMPANY.

WHITMAN, Judge. 1. This case is a suit on a policy of insurance providing protection to plaintiffs' home against loss by fire and providing additional living expenses in such event. This court must apply the new rules of the Civil Practice Act regardless of when the judgment was entered below. *Hill v. Willis*, 224 Ga. 263 (1) (161 SE2d 281). Accordingly, although the trial court below sustained both a general demurrer to the complaint and a motion to dismiss for failure to state a claim (which order plaintiffs enumerate as error), we must review the complaint having regard only to whether the motion to dismiss was properly sustained, i.e., whether the complaint states a claim for which relief may be granted. When the sufficiency of a complaint is questioned, the new rules require that it be construed in the light most favorable to plaintiff with all doubts resolved in his favor even though unfavorable constructions are possible. Not unless the allegations of the complaint disclose with certainty that the plaintiff would not be entitled to relief under any state of provable facts should the complaint be dismissed. *Harper v. DeFreitas*, 117 Ga. App. 236 (1) (160 SE2d 260).

The complaint as amended alleges that plaintiffs' home was insured against fire by the defendant and that a fire loss occurred for which the defendant had denied liability. This is a claim on which some relief may be granted.

2. Defendant points out that the policy, which is attached as an exhibit, provides that no action can be brought unless commenced within twelve months next after inception of the loss. Parties may contract for and will be bound by such a provision. *Underwriters' Agency v. Sutherlin*, 55 Ga. 266. But there may be circumstances in which a party will be found to have waived or be estopped to assert such a provision. See *General Ins. Co. of America v. Lee Chocolate Co.*, 97 Ga. App. 588 (103 SE2d 632), and cases cited.

If plaintiffs have no such grounds, then such could be made to appear by motion for summary judgment. "When a motion for summary judgment is made and supported as provided in this section, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this section, must set

forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him." *Code Ann.* § 81A-156 (e) (Ga. L. 1966, pp. 609, 660; 1967, pp. 226, 238).

*Judgment reversed. Felton, C. J., and Eberhardt, J., concur.*

ARGUED JANUARY 8, 1968—DECIDED JULY 11, 1968—
REHEARING DENIED JULY 31, 1968.

*Preston L. Holland,* for appellants.

*Gambrell, Russell, Moye & Killorin, Edward W. Killorin, David A. Handley,* for appellee.

ON MOTION FOR REHEARING.

The motion for rehearing by Allstate Insurance Company, appellee, is predicated on two grounds; first, that this court erroneously "applied the liberal pleading rules of the new Civil Practice Act as the basis for its decision in this case," and second, that the action is barred by the provision of the policy that "no suit or action on this policy shall be sustainable . . . unless commenced within twelve months next after inception of the loss."

1. It is true that the plaintiffs instituted their suit on June 14, 1967 (prior to the effective date of the Civil Practice Act), and it is also true that the trial court in its order of September 29, 1967, on defendant's renewed demurrer and on defendant's motion to dismiss, stated that "the court exercising its legal discretion is of the opinion that the application of the Civil Practice Act *to the demurrers now pending* in the foregoing action would not be feasible or might work an injustice." (Emphasis supplied.) Appellee's demurrers to plaintiffs' original petition were filed on July 3, 1967, prior to September 1, 1967, the effective date of the Civil Practice Act. Plaintiffs filed amendments to their petition on September 14, 1967, and September 25, 1967. Appellee filed a renewed general demurrer on September 19, 1967, and on the same date, September 19, 1967, filed its motion to dismiss the action "because the complaint, as amended, failed to state a claim against defendant upon which relief can be granted." Similar renewed demurrer and motion

to dismiss were filed on September 29, 1967. The order of the trial court of date September 29, 1967, sustained both the motion to dismiss and the renewed general demurrer, but by said order leave was "granted to plaintiffs to amend within ten days to meet the requirements of the policy sued upon, and in particular the requirements as to commencement of suit within twelve months after inception of the loss." Thereafter on October 5, 1967, and within said ten-day period plaintiffs filed their amendment, consisting of paragraphs numbered 38 to 44, both inclusive, all dealing with the items sued for in relation to the requirement of the policy as to commencement of suit within twelve months after inception of loss. Thereafter plaintiffs filed an additional amendment on October 16, 1967, consisting of paragraphs numbered 45 to 56, both inclusive, also relating to the alleged inception date of the losses sued for. On October 20, 1967, appellee as defendant filed its renewed general demurrer, and also separate renewal of its motion to dismiss "because the complaint, as amended, fails to state a claim against defendant upon which relief can be granted."

The original general demurrer of the defendant was on the ground that plaintiffs' petition failed to set forth a cause of action against the defendant. Defendant's renewed general demurrer filed September 19, 1967, had relation to ground 1 of its demurrers heretofore filed and insisted on its general demurrer to plaintiffs' petition to the end that justice of the cause might be fully met. A similar renewal of the general demurrer was filed on September 29, 1967, and on the same day the original motion to dismiss filed September 19, 1967, was renewed "because the complaint, as amended, fails to state a claim against defendant upon which relief can be granted." A motion to dismiss in the same language was filed by the defendant on October 12, 1967, and this was also the language of the renewal of motion to dismiss filed on October 20, 1967, as hereinabove set forth. The order of the trial court of October 20, 1967, sustained the defendant's motion to dismiss and the renewed general demurrers to plaintiffs' petition as amended, and dismissed plaintiffs' petition, and this last mentioned order is the one from which the present appeal was taken.

238

It is to be noted that each and all of the motions to dismiss were in the language of the prescribed form of the Civil Practice Act. See *Code Ann.* § 81A-319. And it is further to be noted that the trial court in its order of October 20, 1967, made ·no reference to the former procedure referred to in *Code Ann.* § 81A-186, and in this connection the fact that the Civil Practice Act abolished demurrers (see *Code Ann.* § 81A-107 (c)) must be considered. In other words, the renewed demurrers filed after September 1, 1967, *are not to be regarded as effective,* and this fact was recognized by the trial court in its· order of September 29, 1967, wherein, as above set forth, the court, in stating its opinion in respect of the application of the Civil Practice Act, related it only to the demurrers then pending, that is, the demurrers filed on July 3, 1967. The case of *Hill v. Willis,* 224 Ga. 263 (161 SE2d 281) cites and quotes from *Fulton County v. Spratlin,* 210 Ga. 447 (2) (80 SE2d 780), and *City of Valdosta v. Singleton,* 197 Ga. 194, 208 (28 SE2d 759), and the *City of Valdosta* case makes express reference in respect of the quoted portion therefrom to the rule therein set forth as relating to a question of practice.

2. In respect to the. policy limitation of twelve months for commencement of action, it should be noted that the policy also provides that the company has the option to repair property destroyed or damaged, and it is alleged by plaintiffs that the fire took place on October 21, 1964, and that *the defendant elected to make the repairs occasioned by the fire loss and contracted with a contractor for that purpose,* and that the contractor proceeded with the repair work, but that the repairs made were poor, faulty and inferior, and plaintiffs' petition as amended, and particularly the amendments filed October 5, 1967, and October 16, 1967, clearly indicate that the items of loss sued for are predicated upon the failure of the defendant to comply with defendant's obligation to repair which defendant elected to perform as provided in the policy.

It is also alleged that prior to November 9, 1966, plaintiffs had no knowledge that defendant was denying that the contractor was its agent in making the repairs. And it thus appears from the amended petition, quite without regard to the denial

of agency in defendant's answer, that there is an issue of fact as to the question of agency.

The policy also contains provisions in respect to appraisal of loss, and while the case sub judice does not involve any question of appraisal, authorities dealing with the question of appraisal in relation to the twelve-months limitation as to commencement of an action are regarded as pertinent in principle and controlling in respect to the application of the limitation provision to the obligation to make repairs upon the election of the insurer to do so; and it is well settled that the policy period of limitation is tolled by the pendency of an appraisal proceeding. *Yates v. Cotton States Mut. Ins. Co.*, 114 Ga. App. 360 (151 SE2d 523), and cases cited. See also *Beavers v. Pacific Nat. Fire Ins. Co.*, 85 Ga. App. 240 (68 SE2d 717). Under the allegations of the petition as amended, the policy limitation was likewise tolled in the present case and the action in this case is not barred by the twelve-months limitation provision of the policy.

*The original opinion in this case is adhered to and the motion for rehearing is denied.*