### 27324. COMMERCIAL CREDIT CORPORATION v. WILKES et al.

JORDAN, Justice. Commercial Credit Corporation sought recovery in trover of a mobile home or the value thereof, and the cancellation of a Georgia certificate of title. The defendants are Malcolm T. Wilkes and Thomas H. Wilkes, d/b/a Ted Wilkes Mobile Homes, Rex A. Hodges, who holds a certificate of title to the home, and Mary Jo Wilkes, who claims ownership as a purchaser from Hodges. The plaintiff appealed the grant of a summary judgment in favor of all defendants to the Court of Appeals, and that court transferred the appeal to this court as an equity case. Error is asserted (1) because a settlement agreement referred to in the order was not as a matter of law an accord and satisfaction of the subject matter of the present litigation, (2) because the trial judge did not consider the plaintiff's amended pleading charging the defendants with a fraudulent scheme, and (3) because the defendant Mary Jo Wilkes was not entitled to summary judgment. *Held:*

1. The record discloses that the settlement agreement referred to in the first enumerated error was effected before the present proceedings to dispose of litigation between the plaintiff and Malcolm T. and Harold H. Wilkes, d/b/a Ted Wilkes Mobile Homes and Wilkes & Company, a partnership.

In pertinent part this agreement shows that the plaintiff provided "floor-plan" financing for this defendant father and son partnership engaged in the retailing of mobile homes, that the plaintiff, in taking a bi-monthly inventory in September 1970, was unable to locate some of the "floor-planned" mobile homes and initiated trover for 91 mobile homes, and that after levying officers exhausted their efforts there were 18 unlocated mobile homes which had been sold, for which the plaintiff would accept a note in full payment. The mobile home in the present proceeding differs in description from any of these 18 unlocated mobile homes.

The agreement further provides for the return of any mobile homes under levy to manufacturers pursuant to agreements between the plaintiff and the manufacturer, with appropriate accounting, delivery to the plaintiff of mobile homes "in the possession of defendant, not levied on but described in the wholesale security agreements held by plaintiff," and contains further provisions to allow the continued retailing of "coaches" not under repurchase agreement with the manufacturers, with financing by the plaintiff as previously followed where plaintiff by appropriate title records has a first lien.

The agreement also requires the dismissal with prejudice of all actions between the parties, or against customers of the partnership, and requires that the parties execute "a complete and final release as to all claims, past, present and future incident to the issues in this litigation." This document is dated December 29, 1970. The litigation it purports to cover was dismissed with prejudice January 30, 1971.

The mobile home involved in the present litigation was,

according to the bill of sale, sold for cash on August 28, 1970, to the defendant Hodges by Ted Wilkes Mobile Homes, dealer, and the document bears the purported signature of Thomas H. Wilkes as the dealer's representative. A Georgia certificate of title pursuant to this bill of sale was issued to Hodges dated September 30, 1970.

The trial judge held that the settlement agreement operated as an accord and satisfaction. The plaintiff, as the appellant here, argues that it was the responsibility of the defendants not only to show the settlement agreement, but to further show that the mobile home was one of the 91 involved in the previous litigation, and that this they could not do because it was not in fact one of those involved.

The gist of a trover action is title, and even if we should assume that the settlement agreement did not include the mobile home here involved, the defendants pierced the claim of the plaintiff by showing prima facie a clear record title in one of the defendants preceding the settlement agreement, plus a purported sale by that defendant to another defendant, and there is a total absence of proof to rebut this prima facie evidence. If, however, the settlement agreement does include the mobile home here involved the express language requires a complete release of all claims, past, present, and future with respect to the dealer and customers.

While the evidence does disclose that the trailer may at all times have been in the actual possession of the defendant Malcolm T. Wilkes, there is no evidence to rebut the testimony that the title holder, the defendant Hodges, permitted Wilkes to use the mobile home after he bought it, and that the purchaser from him, the defendant Mary Jo Wilkes, who is the daughter of Malcolm T. Wilkes, also permitted her father to use the mobile home. The possession under these circumstances would not bring the mobile home within the requirement of the settlement agreement for delivery to the plaintiff of mobile homes "in the possession of defendant [i.e., as the dealer], not

levied on but described in the wholesale security agreements held by plaintiff." The first enumerated error is without merit.

2. Under the second enumeration plaintiff contends that the trial judge "did not consider plaintiff's second amendment . . . charging all four defendants with entering into 'a fraudulent scheme' relative to the so-called 'sales' of the mobile home in question." The order granting summary judgment recites that it is based "upon a consideration of the pleadings, interrogatories and answers thereto, and depositions on file." We are bound by the statement in the order that the trial judge did consider the pleadings on file.

Moreover, it is clear that this second amendment, which purported to inject a claim of a "fraudulent scheme" into the proceedings, to support equitable relief to cancel the Georgia certificate of title issued to Hodges, does not meet present practice requirements, which in respect to fraud continue the previous practice, and require that "the circumstances constituting fraud . . . shall be stated with particularity." CPA § 9 (b); *Code Ann.* § 81A-109 (b). Not only was there a failure in this respect, but there is an absence of any evidence to rebut the testimony disclosing purportedly bona fide transactions in a sale of the mobile home by the dealer to Hodges in August, 1970, and thus before the discovery of an inventory shortage in September, 1970, and the sale by Hodges thereafter to Mary Jo Wilkes. Absent rebuttal evidence there was no issue of fraud to submit to a jury. The second enumerated error is without merit.

3. The third enumerated error is argued on the basis that because Mary Jo Wilkes filed no answer after being added as a party she was in default, and not entitled to summary judgment even though she was a movant for summary judgment. It is obvious from the record that she was treated as a party in good standing in the trial court, without objection by the plaintiff, and that the issue is raised for the first time in the appellate court.

The third enumerated error is without merit.

*Judgment affirmed. All the Justices concur.*
ARGUED JULY 10, 1972—DECIDED OCTOBER 10, 1972—
REHEARING DENIED NOVEMBER 9, 1972.

*Ed G. Barham, George T. Talley,* for appellant.
*Altman, Herndon & Fowler, Michael Herndon,* for appellees.