## 30401. CLEMENTS v. WARNER ROBINS SUPPLY COMPANY, INC. et al.

JORDAN, Justice.

Elton Clements appeals an order granting the appellees' motion for summary judgment. The appellees were three of six defendants in the trial court.

Appellant Clements filed a multi-count petition in equity, one count alleging that Warner Robins Supply Company, Walter Whiting, Edward Bayer (the appellees), George Kushinka and William Wisse entered into a scheme to defraud him of a certain tract of real estate in Houston County. To secure a debt of $17,160 Clements executed to Citizens State Bank a deed to secure debt on the real estate, which was later assigned to Warner Robins Supply Company. Thereafter, Supply Company foreclosed and purchased at the sale under power. Appellant alleges that Supply Company, through its officers Whiting and Bayer, represented to him that if allowed the foreclosure the property would be reconveyed to him upon his paying the amount due on the deed to secure debt plus an open account owed Supply Company, all totaling $47,828.73. Subsequently, appellant obtained a purchaser for a portion of the real estate at a price of

$81,000. Supply Company conveyed that portion of the tract to the purchaser, retaining sufficient funds to extinguish the debt of appellant and other creditors including attorney fees and turned the balance over to appellant. During all times, Kushinka and Wisse were acting as attorneys for the appellant and the Supply Company. Thereafter, Kushinka and Wisse were instructed by appellant to draft a deed conveying the balance of the real estate from Supply Company to him. Appellant accompanied by attorneys Kushinka and Wisse went to Supply Company with the deed where Bayer signed the deed for Supply Company in the appellant's presence. Appellant alleges that it was only later that he discovered that the deed in fact conveyed the property to Kushinka, Wisse and himself as tenants in common.

Appellant alleges fraud and misrepresentation on the part of Supply Company and its officers Bayer and Whiting by their representation to convey the real estate to him when in fact it was conveyed to him, Kushinka and Wisse as tenants in common. Upon motion, the trial court granted summary judgment in favor of Supply Company, Bayer and Whiting.

1. Appellees motion to dismiss on the ground that the judgment did not decide all issues as to all parties (Code Ann. § 81A-154 (b)) is without merit. See Code Ann. § 81A-156 (h).

2. To succeed, a motion for summary judgment must show that there is no genuine issue of material fact and that the movant is entitled to a judgment as a matter of law. Code Ann. § 81A-156 (c) (Ga. L. 1966, pp. 609, 660; 1967, pp. 226, 238; 1975, pp. 757, 759). In order to recover in fraud under Code Ann. § 37-703, it must be shown that a misrepresentation of a material fact was wilfully or recklessly made, and acted upon by the opposite party.

Even assuming that the three appellees did in fact make the alleged representation to reconvey the property, the appellant's own deposition shows that at his request these appellees executed a deed to the remaining tract of land as they agreed. The deposition further reveals that appellant acted on the advice of his attorneys, and because of his reliance he failed to inspect the deed being

executed in his presence. Neither appellant's affidavit nor his deposition shows how appellees concealed anything concerning the transaction which they had a duty to disclose, or that they at any time knowingly or recklessly made a false representation upon which appellant justifiably and detrimentally relied. Appellees pierced appellant's pleadings by showing that essential elements of fraud and misrepresentation were lacking, and irrespective of any issues of fact with regard to other essential elements the appellees were entitled to a summary judgment as a matter of law. *Waldrep v. Goodwin,* 230 Ga. 1, 2 (195 SE2d 432) (1973). The mere allegations by appellant that he suspects that the appellees were involved in a fraudulent scheme will not successfully oppose a motion for summary judgment.

3. In a separate count, appellant alleges that Kushinka, Wisse, Whiting, Bayer and Homer Childs, acting as an accountant, entered into a scheme and device which resulted in appellant being defrauded and cheated. Appellant entered into negotiations with Whiting, Bayer, Wisse and Kushinka, the owners of Shamrock Corporation, to purchase 85 acres of real estate, the corporation's only asset. It is alleged that the four owners and Childs advised appellant that in order to obtain a federal income tax savings he should purchase the entire shares of stock of Shamrock rather than purchase the land from the corporation. Appellant proceeded as allegedly advised, and now claims to have suffered a greater tax liability than he would have had he purchased the land outright.

On a motion for summary judgment by Whiting and Bayer, the trial court, after studying the deposition of appellant, found that he candidly admitted that Whiting and Bayer offered him no tax advice or opinion, and held that appellant showed no misrepresentation by Whiting and Bayer. After a careful review of the deposition, we agree, and affirm the trial court's grant of a summary judgment in favor of Whiting and Bayer.

4. Appellant further complains that the trial court erred in granting the summary judgment before appellant could complete his discovery.

When a motion for summary judgment is supported

by affidavits and other evidence the opposing party may not stand merely upon his pleadings, but has the burden of responding by affidavit or as otherwise provided in Code Ann. § 81A-156 (e). See *Zappa v. Allstate Ins. Co.,* 118 Ga. App. 235, 236 (162 SE2d 911) (1968). The party opposing the motion may, by affidavit, show to the trial court reasons why he cannot present facts essential to justify his opposition. The court then may deny the motion or order a continuance to permit affidavits to be obtained or discovery to be had. Code Ann. § 81A-156 (f). See *McCurry v. Bailey,* 224 Ga. 318, 319 (162 SE2d 9) (1968).

The record here contains an affidavit by appellant as the only evidence in support of his opposition to the motion for summary judgment. As the appellant had the burden of bringing forth facts in support of his opposition, and his affidavit stated no reasons why he could not present facts essential to his case, the trial court was justified in proceeding to judgment on appellees' motion.

5. The nisi order accompanying appellant's pleadings contained an order for the production of documents directed to appellees and the other defendants. At the temporary hearing on July 25, 1974, the trial court sustained a motion to strike the order as being an improper procedure for production of documents. Appellant appeals from the order as being made without authority since the trial judge disqualified himself at the same hearing. The order of disqualification specifically states that appellant agreed to the court's hearing and ruling upon "the motions presented at said hearing." This agreement is uncontroverted and the appellant cannot be heard to complain that the trial court was without authority to rule on the motion.

*Judgment affirmed. All the Justices concur.*

SUBMITTED OCTOBER 3, 1975 — DECIDED
NOVEMBER 24, 1975.

*Boatright & Boatright, J. Laddie Boatright, Arthur P. Tranakos,* for appellant.

*Martin, Snow, Grant & Napier, George C. Grant, Dan S. Beeland, Austin J. Kemp, II,* for appellees.