## 55462. FOSTER v. ECONOMY DEVELOPERS, INC.

SHULMAN, Judge.

Purchaser-appellee brought suit against vendor-appellant to recover money paid to appellant for a release of a deed to secure debt. Vendor defended by asserting a right to retain the money as a setoff for unpaid interest owed by appellee to appellant. This appeal follows the grant of appellee's and denial of appellant's respective motions for summary judgment. We affirm.

The dispute between the parties arises from a contract for the sale of real estate. The relevant contract terms are essentially the same as those set forth as special stipulations in *Henderson Mill Ltd. v. McConnell,* 237 Ga. 807 (229 SE2d 660) (i.e, down payment by purchaser; delivery of warranty deed to purchaser; purchaser conveying to vendor security deed on sale tract for balance of purchase price; application of payments toward release of security interest on those parcels designated by purchaser).

In the instant case, two additional contract provisions are relevant. A condition to the deed to secure debt provided that "[certain described property] shall be released at the option of the purchaser. Purchaser agrees to pay to seller as additional payment the amount of seventy-five hundred dollars ($7,500.00) which amount shall be paid on release of [the above-described property] ...$5,000.00 of this [payment] shall apply as release payment for acreage releases when requested by purchaser." The provision relating to the $5,000 payment was handwritten and initialed by the contract parties.

Another contract provision governed damages in the event of purchaser's default: ". . . Purchaser shall be

allowed thirty (30) days from the date of receipt by it of written notice from Seller of . . . default in which to remedy the same prior to Sellers' right to exercise any of its rights or remedies as to any said default.

"Sellers' rights and remedies in respect to any such default shall be restricted by appropriate language in said note and deed to secure debt to the retaking or sale of only the property which is the subject matter of this Agreement as shall be provided under the terms and conditions of the deed to secure debt, and in no event shall any deficiency judgment be entered against the Purchasers or shall the Seller have the right of claim or recourse of any nature in respect of any such default against the Purchasers."

Pursuant to the contract, plaintiff tendered the $7,500 to defendant and requested release of a designated parcel. Defendant accepted this tender. The next day, plaintiff defaulted on an interest payment which was then due and payable. Defendant subsequently refused to release his security interest in portions of the tract. Defendant further claimed that the $5,000 received from plaintiff would be retained as part payment of the past due interest instalment. The main issue on appeal is defendant's right to retain the $5,000 after his refusal to release the security interest. Specific performance is not an issue in this appeal.

1. "The construction of a contract is a question of law for the court. Code Ann. § 20-701." *Honea v. Gilbert,* 236 Ga. 218, 219 (223 SE2d 115).

2. "Competent parties are free to agree to whatever provisions in lawful contracts that they may choose. . .If the parties agree what the damages for breach shall be, the damages are liquidated, and unless the agreement violates some principle of law, the parties are bound thereby. Code Ann. § 20-1402; [Cits.]." *White Farm &c. Co. v. Jarrell &c. Co.,* 139 Ga. App. 632, 633 (229 SE2d 113). The damage provision of the contract involved herein is clear and does not contravene any principle of law. *Pico, Inc. v. Mickel,* 238 Ga. 218 (232 SE2d 841), affg. 138 Ga. App. 856 (230 SE2d 488) (recognizing parties' right to contractually limit recovery in event of default; general judgment limited by contract to one enforceable

only against property described in deed to secure debt).

The contract damage provision negatives defendant's argument that the $5,000, which was accepted on the condition that it apply toward releases, could be retained as damages (in addition to the right to foreclose) because of the purchaser's default on the interest payment when due. The trial court properly rejected the vendor's argument that vendor was entitled to retain the $5,000 payment without releasing the security deed.

3. Appellant argues that a genuine issue of material fact remains as to whether he breached the contract by refusing to release his security interest or whether he was excused from performance by appellee's breach (the admitted default on the interest payment).

The contention that appellee's breach excused appellant from his agreement to release the security interest is not relevant to appellant's right to retain the $5,000 release payment as damages. The issues raised in this enumeration are not genuine issues of material fact that would preclude summary judgment. *Scarboro v. Lauk,* 133 Ga. App. 359 (4) (210 SE2d 848).

4. Appellant asserts that the trial court's grant of summary judgment in favor of appellee cannot stand, because plaintiff continues to hold the warranty deed to the property for which the release was sought and, by the court's order, is also allowed to keep the money given for the release. This contention must fail. Appellee herein acquired the land subject to the security interest given to appellant. The security instrument vested legal title in appellant, who may foreclose on the security interest. *Tomkus v. Parker,* 236 Ga. 478 (224 SE2d 353).

5. By way of counterclaim, appellant alleged fraud on two grounds: (1) that appellant detrimentally relied on the closing attorney, who, unknown to appellant, had represented appellee on prior occasions but who was representing appellant on this occasion, to read and interpret the sales contract; and (2) that appellee requested the release of the security deed with the knowledge that appellee would default on the interest installment due the next day.

It is submitted that summary judgment was

inappropriate because issues of fact remain as to the alleged fraud. We do not agree.

Unfortunately for appellant, the allegations of fraud in the counterclaim have been conclusively pierced and cannot survive a motion for summary judgment.

The affidavit of the attorney shows that the attorney provided his offices for the purpose of executing the contract, that he was not representing either party, that he did not charge any party any fees for either his services or the use of his offices, that the attorney explained the contract to appellant and discussed several contract changes which were incorporated into the contract by agreement, and that appellant indicated he was satisfied with the contract. The affidavit for appellee avers that the attorney was selected by appellant, that appellee indicated to appellant that the attorney was acceptable because he had used this attorney before, and that the attorney was not representing appellee on the day of the closings.

Appellant's affidavit is devoid of any misrepresentations on the part of the attorney. It discloses that the attorney attempted to explain the contract to appellant and that appellant executed the instrument without reading or understanding its provisions. See *Cole v. Cates,* 113 Ga. App. 540 (2) (149 SE2d 165).

The affidavits refute the existence of a scheme to defraud appellant on the part of appellee and the attorney. Appellant's bare allegations of a scheme are insufficient to survive summary judgment. *Clements v. Warner Robins Supply Co.,* 235 Ga. 612 (221 SE2d 35); *Commercial Credit Corp. v. Wilkes,* 229 Ga. 665 (193 SE2d 811). Appellant cannot plead fraud on appellee's part by asserting that the attorney misled appellant. *Johnson v. Durrence,* 136 Ga. App. 439, 442 (221 SE2d 652).

Even if appellee were aware that the interest installment would not be paid when due, the appellee was not in default at the time the demand was made and had an absolute right under the contract (an option to purchase certain parcels) to tender payment and demand release of the property.

"Appellees pierced appellant's pleadings by showing that essential elements of fraud and misrepresentation

were lacking, and irrespective of any issues of fact with regard to other essential elements the appellees were entitled to a summary judgment [as to the issue of fraud] as a matter of law. [Cit.]" *Clements,* supra, p. 614.

6. Although not raised in the pleadings or argued before the trial court, appellant argues that the award in the amount of $5,000 to appellee is erroneous. It is submitted that an issue remains as to whether appellee was indebted to appellant for a prior land transaction and whether the $5,000 should be reduced accordingly.

The failure to timely raise this issue by the pleadings or argument precludes our consideration of this issue. *Gerald v. Ameron Automotive Centers,* 145 Ga. App. 200 (2) (243 SE2d 565). See also *Meade v. Heimanson,* 239 Ga. 177 (236 SE2d 357).

7. The trial court properly granted appellee's motion for summary judgment and denied appellant's.

*Judgment affirmed. Bell, C. J., and Birdsong, J., concur.*

SUBMITTED FEBRUARY 27, 1978 — DECIDED JUNE 19, 1978.

*Adams, Ellard & Frankum, Stephen D. Frankum,* for appellant.
*Telford, Stewart & Stephens, William H. Blalock, Jr.,* for appellee.