### McCARTHY, executrix, *v.* McGEE *et al.*

ATKINSON, J. In item 2 of a will it was provided: " I desire and direct that all my just debts be paid, without unnecessary delay, by my executor hereinafter named and appointed." In item 1 of a codicil to the will it was provided: " I give, bequeath, and devise to my beloved sister, Miss Carrie N. McCarthy, all the real estate wherever situated, of which I die possessed, for and during her natural life; and at her death, I give, bequeath, and devise said real estate to Joseph S. McGee and his wife, Lilly Kelsey McGee, for and during their natural lives; and at their deaths, to the children of Joseph S. McGee and Lilly McGee, share and share alike. However, during the life of my said sister, Miss Carrie N. McCarthy, she is to have one half of the income from said real estate, and the other half of said income is to go jointly to the said Joseph S. McGee and his wife, Lilly Kelsey McGee." In item 2 of the codicil it was provided: " I give, bequeath, and devise all the cash that I may be possessed of at my death, after the payment of all my just debts and funeral expenses, to my beloved cousin, Lena Kelsey." In item 3 of the codicil it was provided: " I

give, bequeath, and devise all the remainder of the personal property of which I may die possessed, to Joseph S. McGee and his wife, Lilly Kelsey McGee." The testator at the date of his death had one hundred dollars in money and certain cotton, and owed specified debts, which exceeded the amount of the cash on hand and were less than the amount for which the cotton was sold. The executor instituted a suit for direction as to whether .the debts of the testator constituted a charge upon the bequest to Lena Kelsey, as provided in item 2 of the codicil, and what disposition should be made of the balance of the money arising from the sale of the cotton remaining after payment of the funeral expenses and debts of the testator. The case was submitted to the judge for decision without a jury. *Held*: The court properly ruled that the cash devised in item 2 of the codicil was chargeable with the payment of the debts, and that under item 3 of the codicil Joseph S. McGee and his wife were entitled to the money on hand arising from the sale of the cotton.

*Judgment affirmed. All the Justices concur.*

No. 3200. JANUARY 17, 1923.

Equitable petition. Before Judge Malcolm D. Jones. Bibb superior court. February 28, 1922.

*R. L. Berner, Walter DeFore,* and *James C. Estes,* for plaintiff in error.

*Charles Akerman,* contra.

*Judgment affirmed. All the Justices concur.*