21638. CHAMBLEE, Executrix v. GUY et al.

ARGUED MAY 15, 1962—DECIDED JUNE 12, 1962.

*Joseph B. Kilbride, Ben T. Beasley, Jr.*, for plaintiff in error. *Marion A. Sams, Sams & Sams*, contra.

MOBLEY, Justice. ■ The motion to dismiss the writ of error on the ground that it contains no sufficient assignment of error is without merit and is denied. *Code* § 6-1307.

■ By item 3 of his will testator gave to plaintiff any automobile he might own at the time of his death if she survived him. At the time of his death testator owned two automobiles, upon which there were outstanding bills of sale to secure debt. Accordingly, the questions presented as to item 3 of the will are: Does plaintiff get one or both automobiles, and does she take such automobile or automobiles subject to the outstanding bill or bills of sale to secure debt?

(a) The cardinal rule of construction of a will is for the court to seek the intention of the testator. In arriving at a conclusion as to whether one or both automobiles should go to plaintiff, the intention of the testator must govern.

The word "any" has been defined in many ways. It may be used to mean "all" or "one out of several." 3 CJS 1398. To give it a precise meaning in certain instances might not be to follow the testator's intention. For instance, to say that "any" means "all" in a case where testator was an automobile dealer and owned 50 or 100 automobiles, and that all of these automobiles would go to his wife where his will provided that "any automobile owned by me at the time of my death shall go to my wife" would obviously not be to give effect to the testator's intention. However, under the facts in this case we are of the opinion that the testator intended for his wife to have the two

automobiles owned by him at the time of his death. The evidence discloses that testator was a used car salesman, who worked for Crest Motor Company; that it was his habit to own and trade in used cars on the side; that at the time of his death he owned two cars, one of which was used primarily by his wife and the other by himself; that while he would trade these cars if the occasion arose, they would be used by himself and his wife until they were replaced by others, and that this was the continuous habit of testator. Thus it is apparent that testator knew at the time he made his will that at his death he would probably own two automobiles, one being used by him and the other by his wife. Therefore, in providing that any automobile owned by him at his death should go to his wife he must have intended that his wife have both of these automobiles.

(b) *Code* § 113-821 provides that: "Unless otherwise directed, the debts of a testator should be paid out of the residuum." The debts due on the two automobiles were debts of the testator and the fact that they were secured by bills of sale to secure debt would not prevent them from being debts of the testator, which, according to *Code* § 113-821 "should be paid out of the residuum" unless the testator in his will "otherwise directed." The will in the instant case contains no direction as to which of testator's assets should be used to pay the debts due on the automobiles, and therefore these debts should be paid out of the residuum, unless *Code* § 113-1509 requires a different result. *Code* § 113-1509 provides that: "All the estate, real and personal, unless otherwise provided by this Code, shall be liable for the payment of debts. If there is a will, the property charged with the debts shall be first applied. . ." The meaning of this provision is that property charged by the will with payment of debts shall be first applied in payment thereof. In *McCarthy v. McGee*, 154 Ga. 765 (115 SE 259), this court held that the trial court properly ruled that under the provision of the will "I give, bequeath, and devise all the cash that I may be possessed of at my death, after the payment of all my just debts and funeral expenses, to my beloved cousin, Lena Kelsey" the cash was charged by the will with the payment of the debts. See also *Wells v. Scott*, 210 Ga. 756 (82

SE2d 697). Testator not having by his will charged the automobiles with the payment of the debts, plaintiff is entitled to them free and clear of the debts, such debts being payable out of the residuum. Therefore, the trial court erred in the construction of item 3 of the will.

■ "Where there are inconsistent provisions in the same will, the later provision shall prevail." *Code* § 113-407. But before a subsequent provision will be held to prevail over a prior provision, the two must be so inconsistent and irreconcilable that both cannot stand. *Rigdon v. Cooper*, 203 Ga. 547, 552 (1) (47 SE2d 633).

In item 4 the testator devises "unencumbered fee simple title" to certain property to his wife "for and during her natural life, with remainder upon her death" to his children "share and share alike forever and in fee simple." The words "unencumbered fee simple title" are inconsistent with the words "for and during her natural life, with remainder . . . in fee simple" insofar as each might be taken as limiting the quantum of estate intended to be devised. The former words seem to express an intention to devise to plaintiff the fee, while the latter express an intention to devise to her only a life estate, with remainder in fee to the defendants. These provisions being so inconsistent and irreconcilable that both cannot be given effect, the latter of the two must prevail. It is true that a court will not by construction reduce an estate once devised absolutely in fee by limitations contained in subsequent parts of the will unless the intent to limit the devise is clearly and unmistakably manifested and that, if the expression relied upon to limit a fee once devised is doubtful, the doubt should be resolved in favor of the absolute estate. *Barker v. Haunson*, 174 Ga. 492, 501 (163 SE 163); *Montgomery v. Pierce*, 212 Ga. 545, 550 (93 SE2d 758). Yet, in the instant case, the subsequent expressions clearly and unmistakably manifest the testator's intention to devise to plaintiff a life estate followed by a vested remainder in fee simple in the defendants.

We take the expression "unencumbered fee simple title" as used in conjunction with words limiting to Willena H. Chamblee an estate for her life to mean that testator intended to free the

life estate from the payment of the debt due on the property at 300-302 Hammond Drive or such other home owned by testator wherein he and plaintiff might reside at the time of his death, casting this debt upon his residuary estate. Therefore the trial court did not err in construing item 4 as giving plaintiff an unencumbered life estate in the property.

*Judgment affirmed in part; reversed in part. All the Justices concur.*