23377, 23378.   COILE v. FINANCE COMPANY
OF AMERICA; and vice versa.

SUBMITTED FEBRUARY 15, 1966—DECIDED MARCH 10, 1966.

*L. D. Skaggs*, for appellant.

*John D. Comer, Sell & Comer*, for appellee.

Cook, Justice. J. Obie Coile brought an equitable action against the Finance Company of America, seeking the cancellation of a note and deed to secure debt and the enjoining of a foreclosure of property under the deed. The defendant filed a plea of res judicata, asserting that a prior judgment in a case between the same parties on the same cause of action terminated by the dismissal of the petition on general demurrer, which judgment of dismissal was affirmed by this court (*Coile v. Finance Co. of America*, 221 Ga. 584 (146 SE2d 304)), and that the judgment on demurrer was a full and final adjudication of the cause of action now sued on and conclusive between the parties as to all matters put in issue or which under the rules of law might have been put in issue in the previous litigation.

The trial judge denied the plea of res judicata, and after hearing evidence, denied an interlocutory injunction. The appeal is from the order denying injunctive relief. By cross appeal the defendant appealed from the order denying its plea of res judicata. In an amended notice of appeal the petitioner appealed from an order sustaining the defendant's demurrers and dismissing the petition as amended.

We consider first the ruling denying the plea of res judicata. The parties to the two actions are the same, and the note and security deed sought to be canceled are the same. In the former action the petition alleged that the note had been altered, and that the contract had been entered into by the petitioner because of fraud, accident, or mistake. It was further alleged that the original note was made for a period of time exceeding the maximum limitation of two years for which a loan could be made under the Industrial Loan Act (Ga. L. 1955, pp. 431, 440; *Code Ann.* § 25-315), and that the note was null and void under the provisions of Ga. L. 1955, pp. 431, 444 (*Code Ann.* § 25-9903). (This Act was amended by Ga. L. 1964, p. 288, which was subsequent to the date of the note.)

This court in *Coile v. Finance Co. of America*, 221 Ga. 584, supra, held: "The failure of the appellant to allege either payment or a tender of the balance due on the debt secured by the deed was fatal to his equitable petition to enjoin the sale of the property in the deed to secure the debt and it was not error to sustain the demurrers to the petition."

In the present case the petitioner alleged that the note which was secured by the deed to secure debt, together with a former note which he had executed with his son, exceeded the loan limitation of $2,500 under the Industrial Loan Act (Ga. L. 1955, pp. 431, 440; *Code Ann.* § 25-315), and that the note which is secured by the deed to secure debt is null and void.

The ruling on demurrer in the former case was a ruling on the merits, and it is the law of the case. The question here presented is not whether a judgment on demurrer dismissing a petition solely because of a failure to offer to tender amounts due would bar a later action instituted after a proper tender is made. See *McLendon v. Shumate*, 128 Ga. 526 (57 SE 886); *Crider v. Harris*, 183 Ga. 695, 698 (189 SE 519); *Durham v. Crawford*, 196 Ga. 381, 386 (26 SE2d 778). No subsequent tender has been made in the present case. The present petition asserts that the note is void under the same statute invoked in the former case, but for a different reason.

The judgment sustaining the general demurrer to the former petition bars the petitioner from bringing a second suit against the same defendant asserting that the note is void under the statute invoked in the former petition, although a different provision of the statute is relied on in the second action. *Greene v. Central of Ga. R. Co.*, 112 Ga. 859 (38 SE 360); *Glover v. Cox*, 137 Ga. 684 (73 SE 1068); *Darling Stores Corp. v. Beatus*, 199 Ga. 215 (5) (33 SE2d 701); *Northern Assurance Co. v. Almand*, 210 Ga. 243 (78 SE2d 788); *Galloway v. Merrill*, 213 Ga. 633 (4) (100 SE2d 443).

The trial judge erred in denying the plea of res judicata, and the judgment on the cross appeal must be reversed. Since the cause of action was barred by the former adjudication, we affirm the judgment denying the interlocutory injunction. The judgment on demurrer, appealed from in the amended appeal, can not be considered since no enumeration of errors has been filed assigning error on this amended appeal. Ga. L. 1965, pp. 240, 243 (*Code Ann.* § 6-810).

*Judgment affirmed on the appeal; reversed on the cross appeal. All the Justices concur.*