25699. MIAMI PROPERTIES, INC. v. FITTS et al.

ARGUED MARCH 11, 1970—DECIDED APRIL 9, 1970—
REHEARING DENIED APRIL 23, 1970.

*Arthur P. Tranakos, Herbert Johnson, Allen J. Hammer,* for appellant.

*Peek, Whaley, Blackburn & Haldi, J. Corbett Peek, Jr., Mitchell, Pate & Anderson, Stephens Mitchell, Paul Anderson,* for appellees.

ALMAND, Chief Justice. This appeal is from an order sustaining a plea of res judicata.

Miami Properties, Inc., filed an equitable complaint against Old South Investment Company, a corporation; Atlanta Federal Savings & Loan Association, and two individuals. The allegations therein were in substance: That the Municipal Revenue Collector of Atlanta did, under a tax execution in April, 1963, expose and sell at public outcry a described tract of land in Atlanta, Fulton County. That the same was bought in by the two individual defendants and conveyed on April 3, 1964, to Old South Investment Company, which in turn, conveyed the land to Atlanta Federal Savings & Loan Association. That the petitioner did, on March 28, 1967, acquire by deed all right, title, and interest in said property subject to the tax deed and its rights in the deed, from Paul G. Herrington, Jr., to redeem said property which has not been foreclosed. That it has tendered to all of the defendants the redemption price of $1,914.60, which it tenders into court. The prayers were that the defendants be required to interplead and set up their rights to the redemption funds and that the defendants be required to file with the clerk of the court a good and sufficient quitclaim deed conveying title of said land to petitioner.

To this complaint all of defendants filed pleas of res judicata, the substance of these pleas being: That Paul G. Herrington, Jr., the plaintiff's predecessor in title, on January 13, 1965, filed a complaint in Fulton Superior Court against these defendants asserting that he was the owner of the tract of land which is the subject matter of the present complaint. That said property was sold at a tax sale in April, 1963, and bought in by defendants Fitts and McKinney and transferred by them to Old South Investment Company, which in turn, conveyed it to the Atlanta Federal Savings & Loan Association to secure a debt; that the petitioner had tendered the redemption price to

Old South Investment Company, which tender was refused and its title to said property had terminated and Old South Investment Company had refused to execute a quitclaim deed to petitioner. That the other defendants have been given notice of said redemption and have refused on demand to execute quitclaim deeds to petitioner. The prayers of the petition were: (a) The defendants be enjoined from foreclosing the petitioner's right of redemption; (b) that it be decreed that none of the defendants have any interest in the property; (c) that each of the defendants be required to execute and deliver quitclaim deeds to petitioner conveying whatever title or interest they might have had in said property; (d) that the tax deed from the City of Atlanta to the defendants Fitts and McKenney be canceled; (e) that the deed to secure debt from Old South Investment Company to Atlanta Federal Savings & Loan Association be canceled; and (f) for other and further relief as may be in accordance with law and justice.

To this petition the general demurrers of Atlanta Federal Savings & Loan Association to the petition as amended, were, on January 18, 1968, sustained and the petition was dismissed.

This order was affirmed by this Court (222 Ga. 428).

The pleas of res judicata of all the defendants were sustained and error is enumerated on this order.

It was not error to sustain these pleas.

The instant suit is between the same parties or their privies and involves the same subject matter and substantially the same prayers for relief. The main thrust of both actions was to foreclose and cancel any and all rights, titles, and interest, of the defendants to a certain tract of land.

A former recovery for the same cause of action between the same parties or their privies in the same court is a good cause for abatement. Code § 3-607. Where the court sustains a general demurrer upon the merits of the cause such judgment may be pleaded in bar to another suit for the same cause. Code § 110-504.

We do not agree with the contention of counsel for appellant that the defendant's general demurrer to the former action was sustained upon "grounds purely technical" within the meaning

of *Code* § 110-503 in that the plaintiff in the former action did not make a tender to the proper parties. In *Coile v. Finance Co. of America,* 221 Ga. 584, 585 (146 SE2d 304), it was held: "The failure of the appellant to allege either payment or a tender of the balance due on the debt secured by the deed was fatal to his equitable petition to enjoin the sale of the property in the deed to secure the debt and it was not error to sustain the demurrers to the petition." Thereafter, the plaintiff brought an equitable action against the same defendant seeking the cancellation of a note and of a deed to secure debt and to enjoin the foreclosure of said loan deed. The second action asserted that the note was void under the same statute invoked in the former suit, but for a different reason. This court, in reversing the trial court for its failure to sustain the defendant's plea of res judicata said: "The judgment sustaining the general demurrer to the former petition bars the petitioner from bringing a second suit against the same defendant asserting that the note is void under the statute invoked in the former petition, although a different provision of the statute is relied on in the second action." *Coile v. Finance Co. of America,* 221 Ga. 863, 865 (148 SE2d 328).

The judgment in the former suit was conclusive as to all matters then put into issue, or which might have been put in issue in the case, until such judgment was reversed or set aside. *Code* § 110-501. It was not error to sustain the pleas of res judicata.

*Judgment affirmed. All the Justices concur.*