30902. CHILIVIS v. DASHER et al.
30903. LOWNDES COUNTY v. DASHER et al.

INGRAM, Justice.

This litigation began after a Lowndes County grand jury imposed a penalty against the county tax commissioner pursuant to Code Ann. § 92-5106 and the State Revenue Commissioner issued an execution for collection of the penalty and the additional sums authorized by that Code section. The tax commissioner filed an equitable complaint in Lowndes Superior Court seeking injunctive and other relief from the presentment of the Lowndes County grand jury and the action of the State Revenue Commissioner. The tax commissioner later amended his complaint to allege a violation of his state and federal constitutional rights. The trial court ruled in favor of the tax commissioner on the statutory issues in the case but made no specific ruling on the constitutional issues in the case. On appeal this court reversed in 229 Ga. 289 (191 SE2d 82) (1972). The tax commissioner then made application for a writ of certiorari from the U. S. Supreme Court but it was denied. 409 U. S. 1107 (1973).

Thereafter, the tax commissioner filed a complaint in the U. S. District Court for the Middle District of Georgia alleging the same facts and seeking the same relief as the equitable complaint in Lowndes Superior Court. The U. S. District Court held that the tax commissioner's case was barred by the doctrine of res judicata and granted summary judgment in favor of the State Revenue Commissioner and the other defendants. This decision was appealed by the tax commissioner to the U. S. Circuit Court of Appeals for the 5th Circuit and that court

summarily affirmed the district court's dismissal based on the doctrine of res judicata.

The tax commissioner next attempted to revive his original action in Lowndes Superior Court and to pursue an affidavit of illegality to the execution issued against him by the Revenue Commissioner based on the same constitutional issues that had been raised previously. The trial court held that the constitutional issues had not been actually decided in the prior state court litigation and these issues should be ruled upon and were not barred by the doctrine of res judicata. After considering these constitutional issues, the trial court found they had merit and granted a summary judgment in favor of the tax commissioner.

We first examine the threshold issue as to whether the tax commissioner is barred from raising the constitutional issues argued in this appeal or whether they should be decided as no specific ruling was made on them earlier.

The principle of law involved in determining whether these issues remain for decision is embodied in Code Ann. § 110-501. It provides that: "A judgment of a court of competent jurisdiction shall be conclusive between the same parties and their privies as to all matters put in issue, or which under the rules of law might have been put in issue in the cause wherein judgment was rendered, until such judgment shall be reversed or set aside."

An application of this Code section requires a holding that the constitutional issues presented for decision in this appeal are barred by the doctrine of res judicata. These identical issues were presented to the federal courts and the final judgment obtained in that forum has binding res judicata and collateral estoppel regardless of the correctness of their rulings. See 1B Moore's Federal Practice (2d Ed.), p. 637; also *Miami Properties, Inc. v. Fitts,* 226 Ga. 300 (175 SE2d 22) (1970). Accordingly, it is unnecessary to determine whether a final decision on the merits of the tax commissioner's constitutional claims was rendered in the prior appeal to this court.

This holding requires a reversal of the trial court's judgment in the appeal dealing with the equitable

complaint filed by the tax commissioner. In the companion appeal, in the affidavit of illegality case, the tax commissioner concedes "that the same constitutional issues" are involved in it as the equity case. Thus, even if it can be said that the affidavit of illegality case asserts a different claim than the claims asserted in the equitable complaint and the complaint in the federal court, it would also be barred by the final judgment in the federal case as the issues in the various claims are identical. Estoppel by judgment arises under these circumstances and an application of this doctrine requires a reversal of the judgment in the affidavit of illegality case. See *Sumner v. Sumner,* 186 Ga. 390 (2) (197 SE 833) (1938).

*Judgment reversed. All the Justices concur.*

ARGUED MARCH 8, 1976 — DECIDED APRIL 7, 1976 — REHEARING DENIED APRIL 20, 1976.

*Arthur K. Bolton, Attorney General, David A. Runnion, Assistant Attorney General,* for appellant (case no. 30902).

*Bennett & Wisenbaker, Reginald Wisenbaker, James T. Bennett, Jr., Oris D. Blackburn, Jr.,* for appellees (case no. 30902).

*Reginald Wisenbaker, Blackburn & Bright, Oris D. Blackburn, Jr.,* for appellants (case no. 30903).

*James T. Bennett, Jr., Arthur K. Bolton, Attorney General, David A. Runnion, Assistant Attorney General,* for appellees (case no. 30903).