31292. MADISON, LTD. v. PRICE et al.
31387. PRICE v. MADISON, LTD. et al.
31424, 31452. BANK OF DULUTH v. MADISON,
LTD. et al.; and vice versa.

JORDAN, Justice.

These appeals arise from litigation instituted by Madison, Ltd., against Maxie Price and others, seeking specific performance of release provisions in two security deeds.

1. In case no. 31292 the trial judge granted summary judgment to Citizens & Southern Bank, North Springs Office, and error is assigned on this judgment by Madison.

The evidence submitted on the summary judgment motion was without contradiction that the bank had previously had an assignment of one of the security deeds as collateral for a loan from it to Gene Latham, but had reassigned the deed to Latham prior to the filing of the complaint. Both in the trial court, and in this court, the bank disavowed any present interest in the security deed containing the release provision sought to be enforced by Madison against the bank. It was not error for the trial judge to grant summary judgment to the bank, and to find that the bank was not guilty of bad faith or stubborn litigiousness.

2. In case no. 31452 Madison contends the partial summary judgment should not have been granted to the Bank of Duluth. The trial judge granted summary judgment as to the claim of Madison against the Bank of Duluth with respect to the release provision in the security deed from Oliver Reid Dobbs, III (who conveyed the property to Madison) to Maxie Price, Professional Real Estate Services Company, and Kenerly Realty Company.

The evidence was uncontradicted that, prior to the filing of the complaint, the Bank of Duluth reassigned to Maxie Price all interest in this security deed, which had been previously assigned to the bank as collateral, and the bank has no present interest in this security deed. The trial judge did not err in granting this partial summary judgment to the Bank of Duluth.

3. In case no. 31387 Margaret Mays Price appeals

from the denial of summary judgment to her.

On July 17, 1973, Maxie Price executed a security deed to Margaret Mays Price conveying approximately 300 acres of land. Thereafter Maxie Price conveyed the property described in the security deed to Oliver Reid Dobbs, III. On August 24, 1973, Margaret Mays Price assigned the security deed to the Bank of Duluth as collateral. On November 8, 1973, Oliver Reid Dobbs, III, conveyed the property to Madison, subject to the security deed. The security deed had the following release provision:

"Grantee agrees to release from the operation and effect of the within deed to secure debt acreage upon the payment of $1,260 per acre for each acre to be released. All sums paid for release of acreage shall be applied to the next annual principal installment or installment due on the note the within deed is given to secure. Releases shall be by quitclaim deed with the road frontage released on a pro rata basis with rear property. Under no circumstances shall property be released so as to deny the unreleased portion of the property direct access to a public road or street."

On July 17, 1974, Madison paid Mrs. Price $88,200, the annual installment then due on the indebtedness. On May 17, 1975, Madison requested the Bank of Duluth to release 50 acres (as shown by a plat and quitclaim deed prepared by Madison) from the lien of the security deed. On July 3, 1975, Madison made the same request of Mrs. Price. These requests were denied by the bank and by Mrs. Price.

The construction of the release provision of the security deed is a question of law for the court. *Honea v. Gilbert,* 236 Ga. 218 (223 SE2d 115) (1976).

The release provision requires a payment of $1,260 for each acre to be released. It provides that, if an installment is due at the time of the request for release and payment therefor, the release payment will be credited on this installment; if no installment is due at the time of the release payment, the payment will be credited on a future installment. The payment is required in order to obtain a release, and a payment ten or twelve months before on an installment which was then due would not

entitle the debtor to the release of acreage from the lien of the indebtedness.

The undisputed evidence shows that there was no payment made for the release of the 50 acres, and Madison was not entitled to specific performance against Mrs. Price. The trial judge erred, therefore, in denying Mrs. Price's motion for summary judgment.

4. The Bank of Duluth, in case no. 31424, appeals from the partial denial of summary judgment to it. Madison sought specific performance against the Bank of Duluth under the same release provision and installment payment dealt with in the previous division. The trial judge erred in denying summary judgment to the Bank of Duluth on this issue.

5. In case no. 31292 error is enumerated on the striking of the paragraph of Madison's complaint asserting the right to expenses of litigation because of the alleged stubborn litigiousness of the defendants. In view of the previous rulings on the motions for summary judgment, the question of recovery of expenses of litigation is removed from the case.

*Judgments affirmed in cases nos. 31292 and 31452; judgments reversed in cases nos. 31387 and 31424. All the Justices concur, except Nichols, C. J., disqualified.*

31292, Argued July 13, 1976; 31387, 31424, 31452, Argued September 20, 1976 — Decided November 2, 1976 — Rehearing denied November 24, 1976.

*Dixon & Boyle, Tyler Dixon,* for Madison, Ltd.

*Gershon, Ruden, Pindar & Olim, Max Olim, Kilpatrick, Cody, Rogers, McClatchey & Regenstein, Thomas C. Harney, Alston, Miller & Gaines, H. James Winkler, Ben F. Johnson, III, Claude E. Hambrick,* for Maxie Price et al.

*Gershon, Ruden, Pindar & Olim, Max Olim,* for Margaret Mays Price.

*Dixon & Boyle, Tyler Dixon, W. Paul Kesmodel, Jr., Kilpatrick, Cody, Rogers, McClatchey & Regenstein, Thomas C. Harney, Claude E. Hambrick, Alston, Miller & Gaines, Ben F. Johnson, III, Gershon, Ruden, Pindar &*

*Olim, Max Olim,* for Madison, Ltd. et al.

*W. Paul Kesmodel, Jr., Kilpatrick, Cody, Rogers, McClatchey & Regenstein, George B. Haley, Thomas C. Harney,* for Bank of Duluth.