32625, 32626. HUNTER et al. v. GEORGIA INTERNATIONAL CORPORATION (two cases).

HALL, Justice.

Appellants sued to enjoin foreclosure on the deed to secure debt covering their 1,100 acres of unimproved

industrial-zoned realty, and for specific performance of the release provision in the deed.[1] By amendment, appellants requested damages for the alleged breach of this provision in the event equitable relief was denied. Case 32625 involves the denial of interlocutory relief, and 32626 involves the grant of summary judgment to defendant-appellee. Our resolution of the latter case disposes of the former.

Appellants borrowed $1,741,110 from appellee to buy the property in January 1973. The first annual principal and interest payment was made on time in January 1974. Troubles subsequently arose, and a modification agreement in January 1975 postponed one installment of principal. In December 1975, appellants demanded a release of some of the acreage, in accordance with the release provision of the deed. This demand was refused, and subsequent demands in January 1977 were also refused. Appellants' cause of action is based entirely on the assertion that these refusals were a breach of the agreement.

The release provision in this deed is substantially the same as that interpreted in *Madison, Ltd. v. Price,* 237 Ga. 904, 905 (230 SE2d 297) (1976). The instant deed provides: "(a) The grantee . . . agrees from time to time and at any time to release parcels of acreage contained in the property upon payment by the purchaser of $2,400.00 per acre for each parcel released. . . (c) Any payments for the acreage to be released shall be first applied as a principal payment on the next installment or installments to become due on the note. . ." The only significant difference between this provision and that in *Madison* is the phrase "from time to time and at any time." Contrary to appellants' assertion that this phrase distinguishes the case at hand from *Madison,* and that the phrase makes the provision ambiguous, we conclude that the phrase makes explicit what was implicit in the terms of the deed in

---

[1] Appellee is foreclosing as a result of alleged breaches of the contract which are not discussed in this opinion.

*Madison,* and thus makes the provision more clear and certain.

Appellants offered Hunter's testimony to show appellants' interpretation of the agreement. He testified that the Hunter group wanted maximum flexibility in obtaining releases so that the property could be sold in odd parcels at any time to satisfy the desires of prospective purchasers. But appellants' testimony cannot alter the plain meaning of this provision established in *Madison.*

That case held that under this type of provision a payment on an installment made when due does not entitle the debtor to a release which is requested for the first time ten or twelve months later; i.e. that the creditor may refuse to release property when the release is requested long after the latest payment. In the case at hand, each request for a release came too late under this rule. The December 1975 request came at least several months after the latest payment,[2] and this request demanded a release in return for the payment of principal made more than 20 months prior. The January 1977 requests were also made more than ten months after the last payment. Since the requests were not timely under the agreement as written, the trial court correctly found that appellee did not breach the agreement by refusing these requests. Summary judgment was proper.

*Judgment affirmed in each case. All the Justices concur, except Bowles, J., who concurs in the judgment only.*

ARGUED SEPTEMBER 14, 1977 — DECIDED OCTOBER 21, 1977.

*Smith, Cohen, Ringel, Kohler & Martin, John A.*

---

[2] Appellants now claim that both principal and interest payments were to be credited toward the $2,400 release price. The last payment of principal or interest which is shown in the record was made on January 30, 1975, more than ten months before the first release request.

*Howard,* for appellants.
*Cofer, Beauchamp & Hawes, Timothy J. Sweeney,* for appellee.