55170. MADISON, LTD. v. PRICE et al.

BANKE, Judge.

The appellant, Madison, Ltd., sued the appellees to recover damages for their refusal to comply with a security deed property release provision. The appellees are Citizens & Southern Bank of East Point, Bank of Duluth, Maxie Price, Gene Latham, and Dan Kenerly, individually and d/b/a Kenerly Realty Company. All the appellees filed motions to dismiss, except Maxie Price who moved for summary judgment. The trial judge granted these motions and then stated that because of the identity of issues involved with regard to the defendants, he was granting summary judgment to all defendants.

The appellant then brought this appeal.

Madison, Ltd., purchased the real estate in question from Oliver R. Dobbs, III (not a party to this action) on November 8, 1973. Mr. Dobbs had previously purchased the property from Maxie Price. The property was subject to four security deeds, one of which was granted to Mrs. Maxie Price and another of which was granted to Maxie Price, Dan Kenerly, and Professional Real Estate Services Company. After the closing, Price assigned his interest in the second security deed to the Bank of Duluth, and Kenerly assigned his interest to Gene Latham who later assigned to the C & S Bank.

Madison, Ltd., originally sought the release of three tracts of land (totaling 200 acres), but later amended to remove its claim for damages on one of the tracts since it was not contiguous with the other two tracts as required by the security deed. Both C & S Bank and the Bank of Duluth refused to execute any of the desired releases. Madison, Ltd., claims that under the security deed it became entitled to the release of 200 acres upon payment of the down payment and that it lost an opportunity to sell the property as a direct result of the appellees' refusal to execute the releases. Professional Real Estate Services Company executed the desired releases and is not named as a defendant in this action.

Prior to its filing of this suit for damages, Madison, Ltd. filed in the same court a suit seeking specific performance by the same parties. That action was reviewed by the Supreme Court in *Madison, Ltd. v. Price,* 237 Ga. 904 (230 SE2d 297) (1976). The Supreme Court affirmed summary judgments for the Bank of Duluth and C & S Bank since they had reassigned their interests in the security deed by the time the suit was filed. The Supreme Court also found no evidence of bad faith or stubborn litigiousness by the banks. Additionally, the Supreme Court ruled that Mrs. Maxie Price and the Bank of Duluth were entitled to summary judgment regarding the *first* security deed since Madison, Ltd., had not made the payments necessary for release.

Because of the Supreme Court's decision in the first case, C & S Bank and Bank of Duluth filed supplemental answers in this suit involving the *second* security deed

raising the defense of res judicata. The trial judge found that the plea of res judicata was valid and granted the banks' motions to dismiss. The judge granted summary judgment to appellee Price because ". . . the release provision in question is vague, indefinite and therefore incapable of enforcement" and because ". . . even the vague restrictions set out in the release provision were not complied with by the plaintiff (Madison, Ltd.)." The court then stated that it was treating the dismissals in favor of appellees Kenerly, Latham, C & S Bank, and Bank of Duluth as being grants of summary judgment. *Held:*

1. A plaintiff is not permitted to split his single cause of action to seek in successive litigation the enforcement of first one remedy (e.g., specific performance) and then a second (e.g., damages).

As this court explained in *McDonald Mtg. &c. Co. v. Feingold,* 168 Ga. 763, 764 (149 SE 132) (1929): "The facts alleged in the first and second petitions are the same; the parties are the same. . . While there was no specific prayer for damages in the first petition, the plaintiff relied upon the same facts as are set out in the present petition for relief. This additional prayer for damages might have been appropriately included in the other case. . . [N]or is a second suit in such case maintainable merely because the plaintiff prays therein not only for the relief originally sought but for other and further relief, the right to which, however, depends upon the identical allegations set forth in the first petition. *Fain v. Hughes,* 108 Ga. 537 (33 SE 1012) . . ." See also *Perry v. McLendon,* 62 Ga. 598 (1879); *Smith v. Smith,* 125 Ga. 83 (54 SE 73) (1906); *Crawford v. Baker,* 86 Ga. App. 855 (72 SE2d 790) (1952); *Rothstein v. First Nat. Bank,* 141 Ga. App. 526 (233 SE2d 802) (1977). See generally *Summer-Minter & Assoc. v. Giordano,* 231 Ga. 601 (203 SE2d 173) (1974).

The judgment in the first case[1] that Madison, Ltd., could not obtain specific performance from C & S Bank and Bank of Duluth because they lacked a possessory interest in the property was a decision on the merits (see

---

[1]*Madison, Ltd. v. Price,* 237 Ga. 904 (230 SE2d 297) (1976).

Code Ann. § 110-503); and even though the question of damages for wrongful refusal to release the property was not litigated or decided, it could have been put in issue (see Code Ann. § 110-501). See *Coile v. Finance Co. of Am.*, 221 Ga. 863 (148 SE2d 328) (1966); *Miami Properties, Inc. v. Fitts*, 226 Ga. 300 (175 SE2d 22) (1970); *Smith v. Bank of Acworth*, 111 Ga. App. 112 (1) (140 SE2d 888) (1965).

We find no merit in Madison, Ltd.'s contention that it is relieved from the bar of res judicata by the ruling of the trial judge in the specific performance case denying his supplemental claim for damages, the effect of which Madison claims was to sever the issues for trial. The trial judge there ruled: "It is ordered that the plaintiff's second amendment to complaint is disallowed, the court finding the complaint on its face purports to be a supplemental pleading, 'setting forth transactions or occurrences or events which have happened since the date of the pleadings sought to be supplemented.' Under Ga. Code [Ann.] § 81A-115 and the record conclusively demonstrating that the plaintiff failed to obtain leave of court to permit service on such supplemental pleading as required by § 81A-115, the court denies leave to file such supplemental pleading, finding that the supplemental claims sought to be asserted by the amended complaint are an unnecessary duplication of claims already pending before this court."

It is unclear whether the trial judge's reference to "claims already pending" was a reference to this suit which was already filed in the same court (although assigned to a different judge) or whether it was a reference to the fact that Madison, Ltd., had pled facts sufficient to support a damage claim in its initial complaint for specific performance but had neglected to include a prayer for damages in the ad damnum clause. The trial judge in this action ruled that "If the language in the order referred to allegations which were already in the complaint, the plaintiff should have properly amended his prayer for damages in that case. If the reference was to this case the plaintiff had an option of dismissing this action or dismissing [the specific performance case]." The trial judge also noted that Madison, Ltd., had not appealed the order. There also is no indication in the record that

Madison, Ltd., asked for a clarification of the order.

All parties agree that Madison's attempt to supplement its first complaint was procedurally invalid. The court agrees with the trial judge in this case that the ambiguous language in the first judge's ruling did not relieve Madison, Ltd.'s attorney from his responsibility to get a clarification of the order (by appeal or otherwise) and/or to add the prayer by amendment (which could have been done as a matter of right under Code Ann. § 81A-115 (a)). He was not authorized to rely on his personal interpretation that the order was an implied order of severance. Accordingly, Madison, Ltd., is now barred by res judicata from seeking a recovery in damages against C & S Bank and Bank of Duluth.

2. Madison, Ltd.'s remaining enumerations of error contest the correctness of the trial judge's grant of summary judgment to Maxie Price, Gene Latham, and Dan Kenerly.

The pertinent portions of the release provision in question here are as follows:

"1. The grantee herein shall release from the real property described herein, parcels of land, as selected by Grantee herein upon payment by said grantee to said grantor of . . . $1,100.00 . . . per acre, exclusive of paragraphs 7 and 8 below stated. . .

"4. Each release of property must be contigious (sic.) and run the full depth of the property from the roads (or road rights-of-way) through the property, unless grantor herein submits a plan of development which will provide a system of public roads and provide access to the public roads, or roads from the unreleased portions of said property. In no event, shall property be released as to deprive unreleased portions, of the within described property, of access to the public road, or roads. . .

"8. Grantee further agrees that in consideration of the downpayment on the described property to release by quitclaim deed any two hundred (200) acres from any of the described tracts, as selected by grantor herein, without payment for such releases, as set forth in Paragraph 4 above."

(a) The court below ruled that Madison, Ltd., was not entitled to the release of the 200 acres because the

release provision quoted above was unenforceable for vagueness in that no specific starting point was named. As the Supreme Court recognized in *Chamblee v. Guy,* 218 Ga. 56 (2) (a) (126 SE2d 205) (1962), the word "any" may be used to mean "all" or "one out of several." See also Lee v. Davis' Estate, 226 Md. 416 (174 A2d 79) (1961); City of Austin v. Salyer, 441 SW2d 862 (4) (1969). Here the intention of the parties, as manifested in paragraph 8, above, was to permit the purchaser, Madison, Ltd., upon payment of the downpayment to select for release any 200 acres out of the total 690 acres so long as the requested acreage was contiguous, ran the entire depth of the property, and did not leave any acreage without access to a public road. See generally *Holcomb v. Word,* 239 Ga. 847 (238 SE2d 915) (1977) (construing an ambiguous release provision). The naming of a precise beginning point for the property release would, therefore, have contravened the parties' clear intent to allow Madison, Ltd., unlimited flexibility in deciding where along the two public roads traversing the property acreage would first be released. The provision approved in *Cochran v. Teasley,* 239 Ga. 289 (1) (236 SE2d 635) (1977), which named the street bounding the property and provided for alternative starting points along that street, represents a preferable degree of specificity in a release provision; nevertheless, we do not find that the present provision is so vague as to be rendered unenforceable.

Furthermore, we do not find that this case is governed by the rulings of the Supreme Court in *Hamil v. Gormley,* 188 Ga. 585 (4 SE2d 471) (1939); *Martin v. Oakhurst Development Corp.,* 197 Ga. 288 (29 SE2d 179) (1944); *Martin v. Sunset Hill Memorial Gardens, Inc.,* 212 Ga. 159 (91 SE2d 44) (1956), because of the differences in the factual situations presented. Those cases involved suits where neither specific performance nor damages were recoverable since the exact location of the property involved could not be determined because the contracts failed to name a specific starting point in describing the property. Here, there was no question as to the location of the property involved since the *total* acreage secured was sufficiently described in the deed, and it was only in the release provision that no exact starting point was stated.

*Williams v. Manchester Bldg. Supply Co.,* 213 Ga. 99 (97 SE2d 129) (1957), is not controlling in this suit for damages because the court there, while denying the purchaser's petition for specific performance, stated that it was unable to rule on the purchaser's entitlement to damages since the demand for damages had not been properly made.

(b) The trial judge also ruled that the appellees Price, Latham, and Kenerly were entitled to summary judgment since in its request for the release of 200 acres, Madison, Ltd., had included a 50-acre tract which was not contiguous with the other two tracts of approximately 100 and 50 acres, respectively. The facts indicate that it was contemplated that the total request for 200 acres might be composed of several smaller parcels inasmuch as some of the purchased tracts contained less than 200 acres. Price argues that the Supreme Court's recent decision regarding the severability of contracts in *Dozier v. Shirley,* 240 Ga. 17 (239 SE2d 343) (1977), requires this court to rule that the admitted nonconformity of the third tract relieved him of any obligation to release the other two tracts. Were this a suit for specific performance, Price's argument might prove persuasive. However, as stated by the Supreme Court in *Dozier,* "While this [directed verdict] was correct as to the prayer for equitable relief, there was evidence of damages caused appellant by appellee's breach of the release provision. Appellant had a right to a jury verdict on the issue of damages. [Cits.]" *Dozier v. Shirley,* supra, p. 19. The trial judge, therefore, erred in basing his grant of summary judgment for these appellees on this ground.

(c) In reviewing this case on appeal, we have reviewed Price's defense that under the terms of their security deed he was not required to release the property because Madison, Ltd., was in default on a prior security deed to Buddy J. Lancaster. He relies on this court's decision in *Turpin v. N. Am. Acceptance Corp.,* 119 Ga. App. 212 (166 SE2d 588) (1969).

Lancaster had granted Madison, Ltd., a 2-month extension to meet an interest payment. However, this extension was not supported by payment of consideration by Madison, Ltd., and therefore under the *Turpin*

decision, Lancaster was not bound by his agreement. Price argues that since Lancaster was not bound he was authorized to consider Madison, Ltd., in default. We decline to extend the *Turpin* decision to cover the situation posed in this case, particularly in recognition of the fact that the property releases sought by Madison, Ltd., were already due by virtue of its down payment at closing.

Alternatively, Price has argued that since he notified Madison, Ltd., of his election to declare the security deed in default and to accelerate the loan before Lancaster granted the time extention and before Madison, Ltd., requested *him* to release the 200 acres, he was under no legal obligation to release the property. See *Cochran v. Teasley,* 239 Ga. 289 (2), supra. The record shows that Madison, Ltd., initially requested the Bank of Duluth and C & S Bank to release the property in May 1975. The installment payment on the Lancaster security deed became due on June 8, 1975. On June 24 Price sent his notice of default and acceleration. On July 2 the Bank of Duluth reassigned its interest in the security deed contested here to Price, and on July 3 Madison, Ltd., demanded release of the property from Price.

Thus, the facts show that Madison, Ltd., began seeking release of the 200 acres prior to any default on the Lancaster security deed and that at the time Price sent his notice of default and acceleration, his interest in the security deed was collaterally assigned to the Bank of Duluth. Under these circumstances, the court finds that Madison, Ltd.'s delayed request for release from Price did not result in a loss of his right of release. See generally *Jordan v. Flynt,* 240 Ga. 359 (3b), (4) (240 SE2d 858) (1977).

In summary, the summary judgments for C & S Bank and Bank of Duluth are affirmed on the basis of res judicata. The summary judgments for Price, Latham, and Kenerly are reversed.

*Judgment affirmed in part and reversed in part. Deen, P. J., and Smith, J., concur.*

ARGUED JANUARY 5, 1978 — DECIDED JUNE 29, 1978 — REHEARING DENIED JULY 28, 1978 — 

*Raiford, McKeithen & Dixon, Tyler Dixon,* for appellant.

*Kilpatrick, Cody, Rogers, McClatchey & Regenstein, Thomas C. Harney, George B. Haley, Claude E. Hambrick, Alston, Miller & Gaines, Ben F. Johnson, III, Peter Q. Bassett, Gershon, Ruden, Pindar & Olim, Max Olim, W. Paul Kesmodel, Jr.,* for appellees.