35185. JARRARD v. LAWSON.

MARSHALL, Justice.

In the present case, the appellant plaintiff is suing the appellee defendant for specific performance of an agreement to release certain acreage from the lien of a

security deed. The trial court granted the defendant's motion for summary judgment on the issue of specific performance, whereupon the plaintiff amended his complaint to seek rescission of the real estate purchase or damages. The trial court granted the defendant's motion for summary judgment on these issues also, and the plaintiff appeals.

The subject property, approximately 22.6 acres, was conveyed by the defendant to the plaintiff by warranty deed on December 2, 1974. To secure the transaction, the plaintiff executed a deed to secure debt to the defendant securing an indebtedness in the principal amount of $44,324, which was evidenced by a promissory note payable in monthly installments. Under the promissory note, $2,000 of the principal sum, together with accrued interest, was due and payable on February 1, 1975. Interest payments were required to be made monthly from March 1, 1975, through February 1, 1977. Principal and interest payments became due and payable commencing on February 1, 1978, and continuing for four successive years.

Contemporaneously with execution of the security deed, the defendant executed a separate agreement, which was made a part of the security deed by its terms, and which provided in pertinent part: "In consideration of you [sic] purchasing from me the property described in said Security Deed, I agree, upon request, to release from the lien of said Security Deed by properly executed Quitclaim Deed, in recordable form, 2 acres located on the east side of said property as determined by you, after February 1, 1975."

On March 7, 1977, the plaintiff requested the defendant to release 1.96 acres from the lien of the security deed, as per the foregoing agreement. The defendant refused. On March 31, 1977, the plaintiff filed the instant suit for specific performance. The plaintiff moved for summary judgment on June 7. In the defendant's affidavit in opposition to the plaintiff's motion for summary judgment, he alleged that there was a "specific understanding" between himself and the plaintiff that the two acres to be released after February 1, 1975, would not be released until such time as one

additional principal payment in the amount of $8,464.80 plus interest had been made by the plaintiff. The defendant also alleged that the fair market value of the property at that time was $3,000 per acre, whereas the property had been sold to the plaintiff for $2,000 per acre in 1974. In addition, the defendant alleged that, although the plaintiff was current in his payments, he had only paid $3,000 toward reduction of the total purchase price, which sum is less than the current fair market value of the acreage sought to be released. On this basis, the defendant argued that there was a great inadequacy of price between the amount paid by the plaintiff for the release and the value of the property sought to be released, thereby justifying the court in refusing to decree a specific performance.

Under *Cochran v. Teasley,* 239 Ga. 289 (236 SE2d 635) (1977), the release agreement in this case is not too indefinite to be specifically enforced. See also *Madison, Ltd. v. Price,* 146 Ga. App. 837 (247 SE2d 523) (1978). The plaintiff is given the option of selecting "2 acres located on the east side of said property" for release. Once this is done, the trial court can mold a decree for specific performance. Therefore, the trial court erred in ruling that the release agreement is too indefinite to be specifically enforced.

We do not find, as argued by the defendant, that there is an inadequacy of price which would justify the court in refusing to decree a specific performance. Nor could the oral agreement alleged by the defendant bar the plaintiff from obtaining specific performance. The parol evidence rule prohibits the defendant from engrafting this oral agreement onto the note so as to alter, vary or change its unambiguous terms. *Dolanson Co. v. C. & S. Nat. Bank,* 242 Ga. 681 (251 SE2d 274) (1978).

*Judgment reversed. All the Justices concur.*

ARGUED SEPTEMBER 11, 1979 — DECIDED OCTOBER 2, 1979.

*Gershon, Ruden, Pindar & Olim, Max Olim, Baker, Conrad & Abernathy, Elliott R. Baker,* for appellant.

*C. Michael Roach,* for appellee.