JORDAN REALTY CO. *v.* CHAMBERS LUMBER CO.

No. 9144.   February 27, 1933.

**628**

[black redacted area]

*Park & Strozier,* for plaintiff. *Turpin & Lane,* for defendant.

BELL, J. (After stating the foregoing facts.) According to the allegations, the plaintiff was indebted to the defendant in a stated sum of money on open account, and the defendant was demanding payment or security. The plaintiff executed and delivered to the defendant notes for a part of this indebtedness, and secured the same by a deed to secure debt to certain real estate. The principal note was to run for two years, and interest thereon as represented by the other notes was to be payable semi-annually. The balance of the indebtedness was to remain on open account, but it was agreed between the plaintiff and the defendant "that petitioner would never have to pay" this remainder in cash, but that the same would be paid "by crediting amounts due and to become due by defendant to petitioner for insurance premiums on policies existing and to be written by petitioner as an insurance agent for defendant." The petition alleged that this agreement was the consideration which induced the plaintiff to give security for the other portion of the indebtedness as indicated. Before the first interest note became due, the plaintiff repudiated its agreement with reference to the unsecured balance, and in view of this fact the plaintiff claimed the right to suspend payment of the interest note or coupon; whereupon the defendant elected to accelerate the maturity of the principal note and to exercise the power of sale. The plaintiff then sued for injunction to prevent the sale until the defendant should perform its agreement as to the unsecured portion of the indebtedness. In explaining their contentions, counsel for the plaintiff made the following statements in their brief: "The gist of the petition is that in reality there was no default, and that therefore there was no right to accelerate the maturity of the indebtedness under the provision in the deed." Also: "Plaintiff is not trying to overthrow its deed to secure debt. It is saying only that defendant ought not to be allowed to repudiate its promise which induced plaintiff to execute the note and deed, and at the same time insist on performance by

the plaintiff of its promise in accordance with its very letter. Plaintiff is not repudiating its debt. It is merely insisting that defendant has no right to accelerate the maturity of the debt for non-payment of interest, plaintiff having been at all times ready, willing, and able to pay the interest when defendant indicated its willingness to abide its contract. . . It is only seeking to show the surrounding circumstances in order to show such a failure of consideration as at least would prevent defendant from accelerating the maturity of the entire debt." The arguments on both sides have dealt chiefly with the question of whether the allegations as to the defendant's agreement to allow the balance of the account to be paid in insurance premiums constituted an attempt to contradict or vary the terms of the written agreement as embodied in the notes and security deed. If there were no other basis except this upon which to dispose of the case, its solution might involve difficulty. Irrespective of this question, we are satisfied that the court did not err in sustaining the general demurrer and dismissing the petition.

Even if the agreement as to allowing the balance of the open account to be paid in insurance premiums had been made a part of the written contract, it is yet apparent from the entire transaction that the defendant's promise as to that matter was independent of the plaintiff's promise to pay the secured indebtedness as stipulated in the notes and security deed; and such being the case, the breach of the defendant's covenant would not justify a refusal of performance by the plaintiff. "A contract may be absolute or conditional. In the former, every covenant is independent, and the breach of one does not relieve the obligation of another. In the latter, the covenants are dependent the one upon the other, and the breach of one is a release of the binding force of all dependent covenants. The classification of every contract must depend upon a rational interpretation of the intention of the parties." Civil Code (1910), § 4223. "Conditions may be precedent or subsequent. In the former, the condition must be performed before the contract becomes absolute and obligatory upon the other party. In the latter, the breach of the condition may destroy the party's rights under the contract, or may give a right to damages to the other party, according to a true construction of the intention of the parties." § 4224. The general rule is that "mutual covenants must go to the whole consideration on both sides, where the one is precedent to the other;

but when they go to a part only and a breach may be paid for in damages, the covenants are independent." *Water Lot Co.* v. *Leonard*, 30 *Ga.* 560 (4), 573; *Schmidt* v. *Mitchell*, 117 *Ga.* 6 (4) (43 S. E. 371); *Baker* v. *Smith*, 135 *Ga.* 628 (70 S. E. 239); *Brenard Mfg. Co.* v. *Kingston Supply Co.*, 22 *Ga. App.* 280 (95 S. E. 1028). Obviously, the defendant's agreement did not go to the whole consideration on both sides, so that a breach of the same would annul the obligation of the plaintiff. The existing indebtedness covered by the notes and the security deed was itself the basic consideration; and besides this, the plaintiff was granted a two-year extension of the maturity. See *Terry* v. *Bank of Americus*, 74 *Ga.* 400; *Sutton* v. *Ford*, 144 *Ga.* 587 (5) (87 S. E. 799, L. R. A. 1918D, 561, Ann. Cas. 1918A, 106); *Haymans* v. *Bennett*, 29 *Ga. App.* 265, 267 (114 S. E. 923). These facts necessarily entered into the transaction as material elements of consideration, inferential allegations to the contrary notwithstanding. If the plaintiff has a remedy, it is to assert a claim for damages at the proper time and in the proper manner, or to resist payment of the balance of the indebtedness in money, in case of suit therefor.

In *Clegg-Ray Co.* v. *Indiana Scale Co.*, 125 *Ga.* 558 (54 S. E. 538), it was held: "A plea of total failure of consideration to a suit for the contract price of certain articles is not supported, where the evidence fails to show that the articles are entirely worthless; and in the absence of any data from which the jury could ascertain how much less the goods are worth than the contract price, it is not error for the court to direct a verdict for the plaintiff." In like manner, the plaintiff in the instant case alleged no facts to show that the insurance premiums to be credited were in fact of less value than the amount of the indebtedness, to say nothing of the failure to show "how much less." See also *Hornsby* v. *Butts*, 85 *Ga.* 694 (11 S. E. 846); *Myers* v. *Philip Carey Co.*, 17 *Ga. App.* 535 (2) (87 S. E. 825); *Ryals* v. *Livingston*, 45 *Ga. App.* 43 (163 S. E. 286). There is no allegation here that the plaintiff has been damaged by the defendant's repudiation of its agreement. What is the plaintiff's loss, or what will be its loss, as a result of the defendant's breach? The denial of the plaintiff's right to pay the debt by way of insurance premiums can not be said by the court to result in damage, in the absence of anything to show the value of the insurance premiums in terms of money. Perhaps a commission is in-

volved; but what is the amount? The petition does not say; and for this reason it does not appear to what extent, if at all, the plaintiff has been hurt. But even if the petition had alleged such facts as would have shown damage in excess of the interest coupon which it had failed to pay at maturity, the allegations still would not have been sufficient for the grant of an injunction, it not appearing that the defendant is insolvent, or is a non-resident, or that there are other grounds for the intervention of a court of equity. In *McDaniel* v. *Cowart*, 109 *Ga.* 419 (34 S. E. 589), the following ruling was made: "Where a security deed to two grantees embraces a power of sale with authority for the exercise thereof upon failure by the grantor to pay at maturity a described promissory note, a court of equity will not, when the grantor has defaulted in making payment, enjoin the exercise. of the power, merely because one or both of the grantees may be indebted on an open account to the grantor in a sum nearly or quite equal to the amount of such note, there being in the petition for injunction no allegation of their insolvency, or of other facts showing any good reason why the grantor should not, by payment of the note according to its terms, have thus defeated the exercise of the power."

In *Whidby* v. *Willis*, 151 *Ga.* 43 (105 S. E. 470), this court held as follows: "A conveyance of land on consideration of $100 cash paid and of the grantee's agreement to pay a specified indebtedness of $1000 owed by the grantor is not defaulted by failure to comply with the obligation so assumed. There being in the instrument of conveyance nothing indicating an intent to create a condition, the grantor's remedy on breach of the agreement is an action for damages." In the opinion it was said: "The agreement of the grantee in the conveyance to pay, in addition to the $100 paid in cash, an indebtedness of $1000 of the grantor to [a named person] is a mere obligation to pay such indebtedness as a part of the consideration, and is not a condition, there being nothing in the conveyance to indicate an intention to create a condition. The mere failure of the grantee to comply with such agreement would not defeat the conveyance, but would amount to nothing more than a breach of the obligation, for which the grantor would have a cause of action for damages." Several cases were cited in support of this statement. So, in the present case, the promises and agreements as contained in the notes and security deed, including the stipulation as to power

of sale, were unconditional, and did not depend for obligatory effect upon the defendant's agreement as to accepting payment of the balance of the indebtedness in insurance premiums. Although the instant case is different in its facts from *Whidby* v. *Willis,* supra, it is governed by the same principle.

If the plaintiff, on being sued on these notes, should be entitled to recoupment as for the breach of an independent covenant (Civil Code of 1910, § 4350), or if the petition otherwise discloses actionable ground of complaint against the defendant, it would not thereby follow that an injunction should be granted as sought in this case. Whatever wrong, if any, the petition may disclose, the allegations fail to show such a state of facts as would justify the grant of an injunction. The court properly sustained the general demurrer and dismissed the petition.

*Judgment affirmed. All the Justices concur, except Russell, C. J., who dissents.*