## 30506. HONEA et al. v. GILBERT.

GUNTER, Justice.

This appeal is from a judgment that temporarily enjoined the appellants "from accelerating the balance of the debt on the land in question and from foreclosing thereon and from exercising a power of sale with respect thereto." The judgment also overruled appellants' motion to dismiss the complaint of the appellee for failure to state a claim.

Appellee, before making an interest payment due on a promissory note held by appellants, demanded the release of certain acreage that he had conveyed to appellants to secure the payment of the promissory note. Appellants refused to release the acreage and notified the appellee by letter that he was in default under the terms of the promissory note and security deed from him which they held. Appellee then brought his complaint for temporary and permanent injunctive relief to prevent appellants from accelerating instalment payments because of alleged default and from foreclosing under the terms of the security deed held by them.

The security deed from appellee to appellants was attached to the appellee's complaint as an exhibit. It shows a principal indebtedness to the appellants in the amount of $47,337.51 evidenced by a promissory note. It provided that interest payments on the unpaid balance were to be paid annually for three years from date of closing; it provided that principal and interest payments were then to be paid in five annual instalments on the unpaid balance; and it further provided that appellants

would release acreage described in the security deed on the following terms: (1) "seller shall release in its entirety the above referred Tract No. 2, containing 20 acres upon payment in full of the existing first mortgage," and (2) "additional releases based on 110% of money paid in with interior and road frontage proportionate."

The security deed was made expressly subject to a first-lien mortgage, and when appellee paid off that first-lien mortgage, appellants released the 20 acre tract, designated as Tract No. 2, in its entirety. Appellee made two of the annual interest instalments, and before making the third annual interest instalment payment he demanded the release of acreage in accordance with the second acreage-release provision recited in the security deed.

Appellee's contention is that he is entitled to the release of acreage on the basis of the total amount that he had paid appellants, including his down payment over and above the principal amount recited in the note, the amount paid in satisfaction of the first mortgage, and interest payments.

Appellants contend that the terms contained in the sales contract and incorporated in the security deed are clear and unambiguous, and that they are not required to release acreage based on the down payment which was not included in the principal amount due on the promissory note and recited in the security deed or on the basis of interest payments made for the first three years before any principal was due. They also contend that they are not required to release any acreage in addition to Tract No. 2 by virtue of appellee's payment and satisfaction of the first mortgage.

The construction of a contract is a question of law for the court. Code Ann. § 20-701. A reading of this contract makes it clear to us that the appellants had to release Tract 2 and no additional acreage upon the payment and satisfaction of the first mortgage. This they did. It is also clear that the release of additional acreage by the appellants was required only upon the reduction of the principal amount due on the promissory note, and that the payments of interest alone and the initial 10% down payment (not included in the principal amount of

the promissory note) did not require the release of acreage described in the security deed.

Appellee's complaint therefore failed to state a claim for relief against the appellants, and it was error for the trial court to temporarily enjoin acceleration and foreclosure by the appellants.

*Judgment reversed. All the Justices concur.*

SUBMITTED NOVEMBER 17, 1975 — DECIDED JANUARY 28, 1976 — REHEARING DENIED FEBRUARY 11, 1976.

*Alford & Hamilton, Walter C. Alford,* for appellants. *Floyd E. Siefferman,* for appellee.