## 31791. WRIGHT et al. v. INTERCOUNTY PROPERTIES, LTD.

HALL, Justice.

This is an appeal from the granting of an interlocutory injunction which prevented the appellants from exercising a power of sale or foreclosure on certain real estate in Jackson County. The appellant contends that the injunction was improperly issued because there was no tender of amounts admitted to be due.

In February 1973 Associates Title & Mortgage Company entered into a written contract with appellants to buy 20.94 acres of land in Jackson County for a purchase price of $134,979.24. In May 1973 Associates'

interest in the property was transferred to Intercounty Properties, the appellee. At the closing in June 1973, the appellee consummated the sale by executing a deed to secure debt to the property in favor of the appellants, securing payment with a purchase money promissory note in the amount of $113,373. Principal and interest were made payable in annual installments of $9,070 each June for fifteen years.

The main controversy precipitating this lawsuit involves certain release provisions in the deed to secure debt and in the purchase money promissory note referred to above. Appellee contends that upon payment of each $7,000 increment, it is entitled to free and clear title of one acre of the purchased property, beginning with the down payment. Appellants contend that the only release provision they signed was for release upon prepayment of outstanding *principal,* and that any release provisions to the contrary found in the documents were material alterations which occurred post-execution and without appellants' knowledge or approval.

Appellee made the installment payments due appellants under the contract in June 1973 and June 1974 and, pursuant to an agreement with appellants, a partial payment in June 1975. In November 1975 appellee submitted a quitclaim deed covering 3.0863 acres to the appellants for execution, pursuant to their understanding of the release provisions. Appellants refused to execute. In April 1976 appellee resubmitted the deed for execution; appellants again refused to execute. As a result of the appellants' refusal to release, the appellee refused to pay the remaining unpaid 1975 installment and the June 1976 installment and brought suit against the appellants for breach of contract, seeking rescission or, in the alternative, specific performance. In addition, they sought injunctive relief to prevent appellants from selling or foreclosing on the property until the merits of the case are decided. Following the requisite hearing, an interlocutory injunction was issued in August 1976 against the appellants. They appeal.

The only issue before this court is whether or not the interlocutory injunction was properly granted; we therefore do not reach the merits of the underlying

controversy.

Large discretion is vested in a trial judge in granting an injunction, and unless some principle of substantial equity has been violated, this court will not control that discretion. *Cairo Pickle Co. v. Muggridge,* 206 Ga. 80, 82 (55 SE2d 562) (1949). See also Code Ann. § 55-108. This state has long recognized the equitable maxim that "[h]e who would have equity must do equity, and give effect to all equitable rights in the other party respecting the subject-matter of the suit." Code Ann. § 37-104. Pursuant to this basic principle of equity, this court has held that "a borrower who has executed a deed to secure debt is not entitled to an injunction against a sale of the property under a power in the deed, unless he first pays or tenders to the creditor the amount admittedly due." *Oliver v. Slack,* 192 Ga. 7 (14 SE2d 593) (1941). See also *Berry v. Government Nat. Mortg. Assn.,* 231 Ga. 503 (202 SE2d 450 (1973); *I.D.S. Homes Corp. v. Lucas,* 228 Ga. 521 (186 SE2d 745) (1972); *Coile v. Finance Co. of America,* 221 Ga. 584 (146 SE2d 304) (1965). This is true notwithstanding any allegation that the defendant has breached some independent covenant. *Jordan Realty Co. v. Chambers Lumber Co.,* 176 Ga. 624 (168 SE 601) (1933).

The record shows an admitted refusal by the appellee to pay monies due and owing under the contract. The trial court erred, therefore, in granting an interlocutory injunction without the requisite payment or tender of monies due. While there are recognized exceptions to the tender rule, we find none in this case.

*Judgment reversed. All the Justices concur.*

ARGUED JANUARY 12, 1977 — DECIDED FEBRUARY 14, 1977 — REHEARING DENIED MARCH 9, 1977.

*Cook, Noell, Bates & Warnes, J. Vincent Cook, Edward D. Tolley,* for appellants.

*Davis, Davidson & Hopkins, Jack S. Davidson, Lokey & Bowden, Gerald F. Hanley,* for appellee.