32106. KIRK et al. v. FIRST GEORGIA INVESTMENT CORPORATION.

HALL, Justice.

This is an appeal from an order of the Superior Court of Heard County denying appellant's motion for summary judgment and granting appellee's motion for summary judgment. The original action was brought by the appellee who sought specific performance of certain release provisions in a deed to secure debt.

In 1973, A. D. Cannon, Jr. purchased 587.78 acres of

land from the appellants. The total purchase price was $270,000, $60,000 of which was paid in cash at closing. A promissory note for $210,000 which was secured by the property was executed in payment of the balance. The terms of the note were as follows: $14,000 principal was due December 31st of each year until paid in full; interest payments were due on March 31, June 30, September 30 and December 31 of each year.

The security deed contained a release provision which provided in part that the grantee would release at the grantor's request, upon payment or prepayment of $500 per acre of the principal, contiguous tracts of at least fifty acres. This release could be exercised by the grantor at any time after the required payment or prepayment by his furnishing the grantee a quitclaim deed containing a description of the property to be released. The release provision was made contingent upon the grantor's not being in default.

Cannon paid the principal and the interest payments due in 1973 and 1974, and the March 31 and June 30, 1975, interest payments (the June payment was made late, but accepted by the appellants). On July 24, 1975, Cannon requested the release of 56 acres, and tendered the requisite quitclaim deed. The appellants refused to release. On August 12, 1975, Cannon conveyed all his interest in the property to First Georgia Investment Corporation, the appellee, who thereafter filed this action on December 29, 1975, for specific performance of the execution and delivery of the quitclaim deed and release of the designated portions of property. No payments on the note have been made since the appellee acquired its interest from Cannon in August 1975.

Appellant enumerates twelve errors by the trial court. We need only reach one in reversing the trial court's decision in this case.

Specific performance is an equitable remedy. In granting the appellee's motion for summary judgment, the trial court ordered the specific performance of the release provision in the security deed. It is a well recognized equitable maxim that to receive equity one must do equity. Code Ann. § 37-104. A party seeking specific performance of a contract must show substantial

compliance with his part of the agreement in order to be entitled to a decree. *Pope v. Cole,* 223 Ga. 448 (2) (156 SE2d 36) (1967); *Lee v. Lee,* 191 Ga. 728 (1) (13 SE2d 774) (1941). In order to support a suit by a purchaser for specific performance of a contract for the purchase and sale of land, the purchaser must have paid the purchase money in accordance with the terms of the contract, or made an unconditional tender thereof before the institution of the action. *Jolly v. Jones,* 201 Ga. 532 (1) (40 SE2d 558) (1946). We recently held that this principle applies to a borrower who executes a deed to secure debt and thereafter seeks specific performance of the contract. *Wright v. Intercounty Properties, Ltd.,* 238 Ga. 492 (233 SE2d 160) (1977).

In this case we have a deed to secure debt containing a release provision with a default restriction. The record indicates that the appellee's predecessor in interest was current on his payments when he requested the release, but went into default when the release was refused. The contract is clear as to when payments were due. The appellee admits that it has made no payments under the contract since it acquired Cannon's interest in the property in August of 1975. There is also no evidence that the appellee showed an ability or willingness to pay any money due and owing under the contract in his pleadings or by affidavit at the summary judgment hearing, nor was the judge's summary judgment order conditioned upon such payment. Under these circumstances, we find that summary judgment and specific performance in favor of the appellee were improperly granted since the appellee has failed to comply with its obligations under the contract. See *Wright v. Intercounty Properties, Ltd.,* supra.

We do not agree with the trial court that because the appellee had made all payments due under the contract at the time the release was sought, any subsequent default was immaterial. A party seeking specific performance, as a condition precedent to his obtaining the remedy, must show that he has done or offered to do, or is ready and willing to do, all the material acts required of him by the contract. 4 Pomeroy's Equity Jurisprudence (5th Ed.) § 1407, p. 1050 (1941); Carr v. Good Shepherd Home, Inc., 269 N. C. 241 (152 SE2d 85, 88) (1967); Hudson v. Cozart,

179 N. C. 247 (4) (102 SE 278) (1920). The party seeking specific performance must not only show that he has complied with the terms of the contract at the commencement of the suit, but also that he is able, ready and willing to do those other future acts which are required of him under the contract. Pomeroy's Specific Performance of Contracts (3d Ed.) § 330, p. 726; 81 CJS 691, Specific Performance, § 131 (1953) and cits. The appellee has not shown any willingness to perform his obligations under the contract, nor did the trial judge condition the remedy upon the appellee's performance. Therefore he is not equitably entitled to specific performance, and the trial court erred in granting the appellee's motion for summary judgment.

We further find that the trial court did not err in not granting the appellant's motion for summary judgment on the appellee's complaint, because it does not appear beyond doubt that the appellee can prove no set of facts in support of a claim for damages. Under our liberal rules of pleading, appellant's motion for summary judgment was properly denied. See Code Ann. §§ 81A-108, 81A-154 (c); *Leitzke v. Leitzke,* 239 Ga. 17 (1977); *Cochran v. McCollum,* 233 Ga. 104, 105 (210 SE2d 13) (1974); 6 Moore's Federal Practice, 1212 and 1264, Judgments, ¶ 54.60 and 54.62; 10 Wright & Miller, Federal Practice and Procedure: Civil § 2664, p. 108.

*Judgment reversed. All the Justices concur, except Bowles, J., who concurs in the judgment only, and Ingram, J., who dissents.*

SUBMITTED MARCH 11, 1977 — DECIDED MAY 25, 1977 — REHEARING DENIED JUNE 8, 1977.

*Wyatt, Wyatt & Solomon, John M. Wyatt,* for appellants.

*Lewis, Hunnicutt, Taylor & Daniel, James R. Lewis, Kilpatrick, Cody, Rogers, McClatchey & Regenstein, Thomas C. Harney, Carl I. Gable, Jr.,* for appellee.