32235. COCHRAN et al. v. TEASLEY et al.

HILL, Justice.

Purchasers of real estate sued for specific performance of a release provision contained in their deed to secure debt, for an injunction to prevent foreclosure, and for damages and attorney fees. Purchasers appeal from a summary judgment granted to the sellers and from denial of their own motion for summary judgment.

In 1973 purchasers bought real estate from sellers. Purchasers executed a deed to secure debt to sellers containing a release provision and a note for interest only

in advance for 10 years.[1] In 1975, before the annual interest payment became due, the promissory note was amended so as to reduce the payment due in 1975 and add the reduction to a payment due later. The amendment provided that "Except for these changes, the note will remain in full force and effect."

In 1976, before the annual interest payment became due and while purchasers were current in their obligations under the note as amended in 1975, purchasers requested release of acreage to which they were entitled by virtue of the down payment, but sellers refused to release because they expected that the interest payment due shortly would not be made. Purchasers later failed to make the interest payment. The trial court found as a fact that at the time they requested release, purchasers had decided not to make the 1976 annual interest payment.

The purchasers filed suit asking for specific performance of the release provisions, damages and attorney fees. The sellers began foreclosure proceedings and the purchasers sought to enjoin the foreclosure. Both parties moved for summary judgment on all issues. The superior court denied the purchasers' and granted the sellers' motion.

---

[1] The pertinent portions of the release were as follows: Sellers agree to release acreage upon purchasers' request at the rate of one acre for each $1,196.12 dollar increment received by sellers in reduction of principal. Purchasers shall be entitled to releases (based on the above rate) by reason of payment of the cash portion of the purchase price paid at closing. Releases shall begin either at the north or south line of the property and shall extend from Keithburg Road either easterly or westerly to the eastern or western boundary line (as the case may be). Each portion subsequently released shall be contiguous to a previously released parcel and any property remaining subject to the security deed shall have reasonable ingress and egress to a public road. Sellers agree upon payment of principal to execute quitclaim deeds in recordable form releasing parcel or parcels designated by purchasers.

1. The release provision provided a specific formula to determine the amount of acreage to be released depending on the amount paid, provided expressly that purchasers would be entitled to release for cash paid at closing, provided alternative beginning points with the actual beginning point to be selected by purchasers, provided that subsequent releases (to be chosen by purchasers) must be contiguous to previously released acreage, and provided that unreleased acreage must have access to public road. The provision is sufficiently definite to be performed and hence is not so indefinite as to be unenforceable. 41 ALR3d 7 at 44-54. No case has been cited to us and we have found none which requires that the description of the property to be released from a deed to secure debt be as specific as the description of the property in the deed itself must be. See *Honea v. Gilbert,* 236 Ga. 218 (223 SE2d 115) (1976).

2. The 1975 amendment extending the note was made while purchasers were current in their obligations and does not show any intention by the parties that the right of release be terminated in consideration for the extension. Sellers cite Leighton v. MacDaniel, 33 App. D.C. 480 (1909), and Gillies v. Dyer, 117 A. 611 (N.J. 1922), and argue that any extension in time for payment of the obligation cancels the right of release. In the cases cited the right of release was conditioned upon prepayment (that is, payment before maturity) and the extensions were granted after maturity of the obligations. Having failed to claim the right of release by prepayment before maturity, the buyer lost the right of release at maturity and it was not revived by the extension agreement.

3. The purchasers being in default, the trial court properly granted the sellers' motion for summary judgment so as to deny the enjoining of the foreclosure proceedings. A borrower is not entitled to enjoin foreclosure unless he first pays or tenders to the lender the amount admittedly due. *Wright v. Intercounty Properties,* 238 Ga. 492 (233 SE2d 160) (1977); *Bower v. Certain-teed Products Corp.,* 216 Ga. 646 (119 SE2d 5) (1961).

4. Like an injunction specific performance is an equitable remedy. A borrower is not entitled to specific

performance of a release provision in a deed to secure debt unless he first pays or tenders to the lender the amount admittedly due. *Kirk v. First Ga. Invest. Corp.*, 239 Ga. 171 (1977).

5. The trial court, however, was in error in ruling for the sellers on that portion of the sellers' motion for summary judgment concerned with plaintiffs' claims for damages. *Kirk v. First Ga. Invest. Corp.*, supra. In order for the defendant to prevail on a motion for summary judgment, the defendant must negative all the plaintiff's claims and show that the plaintiff is not entitled to recover under any theory of the case. *First of Ga. Ins. Co. v. Josey*, 129 Ga. App. 14 (198 SE2d 381) (1973). Where plaintiff seeks equitable relief, in order for the defendant to prevail on motion for summary judgment, the defendant must negative any claim plaintiff would have to damages, as well as any claim plaintiff would have to equitable relief. *Kirk v. First Ga. Invest. Corp.*, supra. The sellers have not carried that burden here. The trial court erred in granting sellers' motion for summary judgment as to damages.

*Judgment affirmed in part, reversed in part. All the Justices concur, except Ingram, J., who concurs in the judgment only.*

ARGUED MAY 10, 1977 — DECIDED JUNE 21, 1977.

*Bray & Johnson, H. Michael Bray,* for appellants.
*Snell & Bishop, Donald J. Snell,* for appellees.