32741. DOZIER et al. v. SHIRLEY.

HALL, Justice.

Appellant unsuccessfully sought specific performance of a release provision in a security deed, which required appellee (the seller) to release 20% of the property from the deed to secure debt at the time of closing. Nearly two years after closing, but before any default, appellant demanded a release under this provision. Appellee refused upon learning from appellant

of an imminent default on a substantial interest payment. Appellant brought suit after this payment came due, but without paying or tendering payment of the interest. This case presents the same issue as *Cochran v. Teasley,* 239 Ga. 289 (236 SE2d 635) (1977), and *Kirk v. First Ga. Invest. Corp.,* 239 Ga. 171 (236 SE2d 254) (1977), in which we held that equitable relief is not available where the plaintiff is in default as to his obligations on the same agreement. The trial court correctly entered a directed verdict as to the prayer for equitable relief.

Appellant argues that the release provision he seeks to enforce is part of a severable contract which has been fully performed on his part; therefore, he is not barred by *Kirk* and *Cochran* from equitable relief. In support of this argument he points out that the land was to be released from the security deed in proportion to the amount of principal paid.[1]

The issue of the severability of a contract is determined by the intention of the parties, as evidenced by the terms of the contract. Code Ann. § 20-112; *Spalding County v. W. Chamberlin & Co.,* 130 Ga. 649, 654 (61 SE 533) (1908). The problem with appellant's argument is that the subject of this contract was a single, undivided tract of land. All of the documents treat the land as a whole, including the sales contract, the note, and the security deed. Appellant did not buy 20% of the property for cash, and 80% on credit. Rather he bought all the property and made a 29% down payment. The release provision was undoubtedly intended to facilitate appellant's sales of the land to third parties in parcels. It does not appear that it was intended to convert an otherwise entire contract into a severable one. Moreover, the failure of appellant to demand a release at the time of

---

[1] The 29% down payment covered the sales commission and about 20% of the sales price minus the commission. The rest of the property (after release of 20% on closing) apparently would have been released in five installments corresponding to five payments of principal, although there is some ambiguity in the release provision as to whether four or five more releases were called for.

closing undercuts his contention that there was a separate contract for the sale of 20% of the land. This contract was entire.

A directed verdict was rendered against appellant (plaintiff below) at the close of his evidence. While this was correct as to the prayer for equitable relief, there was evidence of damages caused appellant by appellee's breach of the release provision. Appellant had a right to a jury verdict on the issue of damages. *Kirk v. First Ga. Invest. Corp.,* supra; *Cochran v. Teasley,* supra.

*Judgment affirmed in part, reversed in part. All the Justices concur.*

Argued September 21, 1977 — Decided October 21, 1977.

*Downey, Cleveland & Moore, John H. Moore,* for appellants.
*Robert L. Collins, Jr.,* for appellee.