### 56245. TEASLEY et al. v. COCHRAN et al.

SHULMAN, Judge.

This is the second appearance of this case involving a dispute between the purchasers (appellees herein) and the sellers (appellants herein) concerning a tract of land. See *Cochran v. Teasley,* 239 Ga. 289 (236 SE2d 635). Upon remand, the trial court found the sellers in breach of contract for their refusal to apply the purchasers' cash down payment toward the purchase of certain designated parcels and for their refusal to execute requested releases of their security interest in those parcels. Partial

summary judgment as to liability was entered against the sellers and in favor of the purchasers, reserving for trial the issue of damages caused by the breach.

1. In the instant appeal, in addition to the facts appearing in *Cochran,* supra, certain contract provisions are relevant. The release provisions in the security deed specify as follows:

"2. Grantor [appellees-purchasers] shall be entitled to obtain appropriate releases [at the rate of one (1) acre or fraction thereof for each $1,196.12 increment in reduction of the principal indebtedness] by reason of the payment of the cash portion of the purchase price paid at closing."

"5. . . Grantor's right to obtain such releases of acreage hereunder shall be cumulative and may be demanded at any time either after prepayments or regular installment payments of principal on the Note secured hereby."

The contract is clear and unambiguous and "provided expressly that purchasers would be entitled to release for cash paid at closing." *Cochran,* supra, Division 1. Contrary to appellants' contentions, the express contractual right of release of acreage to which purchasers were entitled by virtue of the down payment (i.e., cash paid at closing) was not terminated by reason of the extension of the note or because the release request was made approximately three years after down payment. See *Cochran,* supra.

Under the terms of this contract, if the appellees-purchasers were not in default at the time the demand was made, there was an absolute right to demand the release. The court properly recognized its duty to construe the plain and definite terms of the contract and correctly interpreted the issue of contract rights and remedies thereunder. See *Honea v. Gilbert,* 236 Ga. 218 (223 SE2d 115).

2. The record shows that in ruling on the motion for summary judgment, the trial court failed to consider depositions filed by appellants prior to the motion.

We agree with appellants that the failure to search the entire record before ruling on the motion constitutes reversible error. *Realty Contractors, Inc. v. C & S Nat. Bank,* 146 Ga. App. 69 (245 SE2d 342); *Union Circulation*

*Co. v. Trust Co. Bank,* 146 Ga. App. 612 (3). Without considering the depositions, the trial court could not have properly determined that no genuine issues remained as to whether the sellers had in fact breached the contract. Compare *Foster v. Economy Developers,* 146 Ga. App. 282 (3) (246 SE2d 366).

3. Contrary to appellees' assertion, the original remand of this case for trial on the issue of damages did not establish the sellers' liability for breach as a matter of law. *Cochran,* supra, Division 5. The holding in *Cochran* that the sellers-movants for summary judgment had failed to carry the burden of showing that the plaintiffs-purchasers were not entitled to recovery does not support appellees' contention that sellers were entitled to recovery as a matter of law. See *Stephens v. Tate,* 147 Ga. App. 366. Accordingly, the trial court erred in holding that appellants had in fact breached the contract and in granting partial summary judgment as to liability on that basis.

4. The trial court properly reserved the issue of damages for jury consideration. *Cochran,* supra; *Jordan v. Flynt,* 240 Ga. 359 (4) (240 SE2d 858); *Dozier v. Shirley,* 240 Ga. 17, 19 (239 SE2d 343).

*Judgment reversed. Bell, C. J., and Birdsong, J., concur.*

ARGUED SEPTEMBER 18, 1978 — DECIDED OCTOBER 12, 1978.

*Snell & Bishop, Donald J. Snell,* for appellants.
*Cofer, Beauchamp & Hawes, Robert S. Jones, Peyton S. Hawes, Jr., Bray & Johnson, H. Michael Bray,* for appellee.