## 34229. P. B. R. ENTERPRISES, INC. et al. v. PERREN et al.

PER CURIAM.
In this case the appellees, as purchasers of a house
and grantors of a subordinate deed to secure debt, sued the
appellants sellers-grantees. The complaint alleged
substantially that the house had been still under
construction and that the defendants had orally agreed, at
the time of closing and both prior and subsequent thereto,
to make the necessary repairs and changes and to
complete the construction; that, unknown to the plaintiffs
at that time, there were certain latent, structural defects
in the construction of the house, of which the defendants

failed to advise the plaintiffs; that the defendants orally agreed that no payment would be due them under their deed to secure debt until the orally promised repairs and work were performed; that the defendants have failed to comply with the plaintiffs' demands for completion of the work; that the defendants have commenced advertising for a foreclosure of their second mortgage, which would result in the plaintiffs' loss of their home, their equity therein, their good credit rating, and their adequate remedy at law; that the plaintiffs had had to make numerous emergency repairs to the house because of the defendants' failure to do the promised work; that the defendants had made wilful misrepresentations of material facts as to the structural soundness of the house and had failed to abide by a one-year warranty allegedly granted to the plaintiffs. The prayers for relief were for a temporary injunction against the impending foreclosure; money damages for the cost of repairing the alleged structural defects; a set-off of the sum due under the mortgage (in the original amount of the principal) against the amount for the repairs; and punitive damages, interest and costs.

The trial judge, after a hearing, overruled the defendants' motions for directed verdict and to dismiss, and granted the temporary injunction, contingent upon the plaintiffs' payment into the registry of the court of the sum due under the defendants' mortgage and the monthly installments thereon until further order of the court. The defendants appeal. *Held:*

1. Subject to certain exceptions, the doctrine of caveat emptor applies to the sale of realty, there are no implied warranties as to the physical condition of the property sold, the purchaser buys at his own risk, and the purchaser can not have an abatement of the purchase price on account of the seller's misrepresentations unless he exercised ordinary diligence to discover the falsity of the representations. *Collier v. Sinkoe,* 135 Ga. App. 732 (2, 3) (218 SE2d 910) (1975) and cits.

2. The plaintiffs relied on three alleged oral contracts with the defendant sellers, i.e., that there was a one-year warranty on the house, that the sellers would repair all defects in the house, and that the sellers would

forbear to foreclose their second mortgage until such promised repairs and completion of construction were made. As far as the record discloses, none of these promises was reduced to writing — in the sales contract, the warranty deed, the deed to secure debt, or elsewhere. "Both this court and the Court of Appeals have followed the general rule that antecedent sales contracts covering the purchase and sale of real property merge in a subsequent deed involving the same property. Thus, where in a contract for sale of land the parties execute a preliminary sales contract and subsequently reduce that contract to a finality evidenced by a deed to secure debt, the terms of the preliminary contract, where not otherwise reserved, are merged into the deed, and those terms, conditions or recitals contained in the preliminary sales contract which are not included in the deed are considered as eliminated, abandoned or discarded. [Cits.]" *Jordan v. Flynt,* 240 Ga. 359, 362 (240 SE2d 858) (1977). Thus, the oral promises of a one-year warranty and a forbearance to foreclose, which were included neither in the sales contract nor in either of the deeds, were unenforceable.

3. As to the promise for effecting completions and repairs on the house after the delivery of possession of the property and the warranty deed, such promises generally may be found to have survived the closing and not merged in the deed. *Cullens v. Woodruff,* 137 Ga. App. 262(1) (223 SE2d 293) (1976) and cits. Again, however, in order for such promise to survive the closing and not merge in the deed, it must have been included in the sales contract, which it was not in the case sub judice. The plaintiffs did not seek rescission based on the vendor's misrepresentations, and "no remedy is generally available for any breach by the vendor of any promise contained in the contract but *omitted in the deed." Walton v. Petty,* 107 Ga. App. 753, 756 (131 SE2d 655) (1963).

4. The complaint did allege, however, that, unknown to the plaintiffs at the time of closing and prior and subsequent thereto, there were certain latent structural defects in the construction of the house, of which the defendants failed to advise the plaintiffs. In *Wilhite v. Mays,* 140 Ga. App. 816, 818 (3) (232 SE2d 141)

(1976),[1] the Court of Appeals held that "in cases of passive concealment by the seller of defective realty, we find there to be an exception to the rule of caveat emptor, which exception is applicable to the instant case. That exception places upon the seller a duty to disclose in situations where he or she has special knowledge not apparent to the buyer and is aware that the buyer is acting under a misapprehension as to facts which would be important to the buyer and would probably affect its decision. Prosser, Law of Torts 697-698 (4th Ed. 1971); Keeton, Fraud—Concealment and Non-Disclosure, 15 Tex. L. Rev. 1, 37-39 (1936). See Rothstein v. Janss Inv. Corp., 45 Cal. App. 2d 64 (113 P2d 465) (1941) (improperly filled ground); Kaze v. Compton, 283 SW2d 204 (Ky. 1955) (drain under house causing yard to flood); Williams v. Benson, 3 Mich. App. 9 (141 NW2d 650) (1966) (termites); Brooks v. Ervin Construction Co., 253 N. C. 214 (116 SE2d 454) (1960) (house located on improperly filled ground)." Although some of the alleged defects were made known to the purchasers by the vendors' oral promises to repair, and other defects may have been discoverable by the purchasers' exercise of reasonable diligence to investigate and inspect, there remains the possibility that others of the defects come within the exception created or recognized by the Court of Appeals and approved by this court in *Wilhite v. Mays,* supra.

5. However, we hold that the trial court erred in granting the temporary injunction. "This state has long recognized the equitable maxim that '[h]e who would have equity must do equity, and give effect to all equitable rights in the other party respecting the subject-matter of the suit.' Code Ann. § 37-104. Pursuant to this basic principle of equity, this court has held that 'a borrower who has executed a deed to secure debt is not entitled to an injunction against a sale of the property under a power in the deed, unless he first pays or tenders to the creditor the amount admittedly due." *Wright v. Intercounty Properties,* 238 Ga. 492 (233 SE2d 160) (1977). Accord,

---

[1] Affirmed, *Wilhite v. Mays,* 239 Ga. 31 (235 SE2d 532) (1977).

*Mickel v. Pickett,* 241 Ga. 528 (9) (247 SE2d 82) (1978). In this case, the plaintiffs made no tender of the amount due. The fact that the trial judge, as a condition for the grant of the temporary injunction, required payment into the registry of the court of the installments due under the defendants' mortgage and the monthly installments due thereon until further order of the court does not constitute tender to the defendants.

*Judgment reversed. All the Justices concur, except Undercofler, P. J., Marshall and Bowles, JJ., who dissent as to Division 4, but concur in the judgment, and Hall and Hill, JJ., who dissent as to Division 5 but concur in the judgment.*

ARGUED NOVEMBER 15, 1978 — DECIDED MARCH 15, 1979.

*G. Michael Hartley, William L. Martin, III,* for appellants.

*Ronald C. San Filippo,* for appellees.

MARSHALL, J., dissenting as to Division 4.

I cannot agree with the majority in the holding in Division 4 of the opinion.

Since the house was under construction and new, the appellees had an equal opportunity to inspect and uncover latent defects. Indeed, Mr. Perren's occupation was a form of home repair work! A careful examination of the transcript reveals no specific latent defects in appellees' testimony. The list of defects included in paragraph 13 of the original complaint is, in effect, a "punch list" of the defects which are normally corrected by the builder before the building is accepted by the purchaser. No fraud is evidenced.

I therefore respectfully dissent.

I am authorized to state that Presiding Justice Undercofler and Justice Bowles join in this dissent.