36782, 36783. SMITH v. COX; and vice versa.

PER CURIAM.

This is an appeal from the grant of injunctive relief in a real property foreclosure action. The appellant sold certain real property to Cox and took a note and security deed for part of the purchase price. The note was dated March 15, 1975, but the installments were not to begin until May 1, 1978. A dispute arose as to whether interest was due from the date of execution or was to begin on May 1, 1978, when the first payment was due. Cox filed an action to reform the note contending that it was the intention of the parties that interest was not to begin until May 1, 1978. The trial court denied reformation and this court affirmed in 244 Ga. 280. After the trial court's ruling, but prior to the appeal the appellant declared the note in default and instituted foreclosure proceedings. Cox then filed a notice of appeal and petition to enjoin the foreclosure pending appeal and the trial court issued a temporary injunction pending the outcome of the appeal.

On March 15, 1978, while the reformation suit was pending, the appellant and Cox entered into a lease agreement for the subject premises. Cox paid the first two installments due on May 1, 1978 and June 1, 1978, which were accepted by appellant, but the payments tendered thereafter were refused, the appellant contending the note to be in default because the interest from March 19, 1975 to May 1, 1978, remained unpaid and he did not wish to create a novation.

After the remittitur from this court was filed in the trial court, Cox tendered a cashier's check for $13,580.30 as to interest due from March 15, 1975 to May 1, 1978 ($14,112.00 interest less $531.70 alleged to be due under the lease).

Appellant then notified Cox that the note was still in default and

that the entire principal and accrued interest were being demanded. Cox then filed the present petition to enjoin the threatened foreclosure. The trial court enjoined the foreclosure and appointed an auditor to investigate and report to the court.

The auditor found that Cox had made timely tender up until the suit for injunction was filed and that the note was not in default and calculated the amount due under the note to bring it up to date, without ruling on any amount due Cox under the lease agreement with appellant.

1. The appellant enumerates as error the finding that Cox had made timely and valid tender. It is undisputed that appellee tendered the monthly installments as they became due, the first two payments being accepted by appellant and the remainder refused.

After the judgment denying reformation of the note, appellee tendered the interest admitted to be due from March 1, 1975 to May 1, 1978, in the form of a cashier's check which was retained by appellant.

"Pursuant to this basic principle of equity, this court has held that 'a borrower who has executed a deed to secure debt is not entitled to an injunction against a sale of the property under a power in a deed, unless he first pays or tenders to the creditor the amount admittedly due.' *Oliver v. Slack,* 192 Ga. 7 (14 SE2d 593) (1941)." *Wright v. Intercounty Properties,* 238 Ga. 492, 494 (233 SE2d 160) (1977).

The appellee having tendered all amounts admittedly due, we find no merit in appellant's enumeration of error.

2. The appellee has cross-appealed enumerating error on the trial court's failure to rule on his claim under the lease agreement between the parties.

The auditor in his report concluded that the claim for rents due under the lease agreement was an independent covenant and declined to rule on the issue citing *Wright v. Intercounty Properties,* 238 Ga. 492, supra. The claim in the present case is based on an independent contract involving the same parties and the same property and not an independent covenant of the note and security deed involved in the foreclosure proceedings sought to be enjoined.

"The Civil Practice Act provided for the liberal joinder of claims and parties for the beneficent purpose of avoiding a multiplicity of suits, conflicting decisions, and to see that justice and equity obtains in all situations. Code Ann. § 81A-118 (a)." *Continental Ins. Co. v. Mercer,* 130 Ga. App. 339 (1) (203 SE2d 297) (1973). The trial court erred in not ruling on the issues presented as to the amounts due under the lease agreement.

3. The cross-appellant's remaining enumeration of error as to the late filing of exceptions to the auditor's report and the taxing of

cost having been examined are found to be without merit.

*Judgment affirmed in appeal; reversed in cross-appeal. All the Justices concur, except Gregory, J., not participating.*

DECIDED JANUARY 16, 1981.

*Lipscomb, Manton, Johnson, Merritt & Gault, Richard S. Gault,* for appellant.

*Jane Kent Plaginos, Boling & Rice, Larry Boling,* for appellee.