60667. P. B. R. ENTERPRISES, INC. et al. v. PERREN et al.

POPE, Judge.

Appellees initiated this suit to recover damages for alleged structural defects in a new home built by and purchased from appellants. The case was tried upon remand from the Georgia Supreme Court which held that no cause of action was presented except perhaps for fraud resulting from the passive concealment of a defect in realty. This cause of action places upon the seller a duty to disclose defects in realty in situations where the seller has special knowledge not apparent to the purchaser. The seller must be aware that purchaser is acting under a misapprehension as to facts which would be important and would probably affect the purchaser's decision. *P. B. R. Enterprises v. Perren,* 243 Ga. 280, 283 (253 SE2d 765) (1979). After a jury verdict was returned for the appellees, this appeal was initiated.

1. The appellants enumerate as error the trial court's failure to charge the issue of fraud established as the law of the case by the Supreme Court of Georgia and instead charging inapplicable principles of contract law.

The trial court charged that "(a)s a general rule, there is implied in every contract for work or services, a duty to perform the work,

skillfully, carefully, diligently, and in a workmanlike manner." In addition the court charged that the appellees would be entitled to a verdict if the contract was not complied with, or even if complied with, if not performed in a skillful, careful and workmanlike manner. The charge was improper in the case at bar because in Georgia the doctrine of caveat emptor applies to the sale of realty. *P. B. R. Enterprises v. Perren,* supra. This case involved a contract for the sale of realty and alleged oral promises to complete or repair various unfinished and defective parts of the new home purchased by appellees. The law implies no warranties as to the quality or condition of an existing new house in favor of purchaser by the seller-builder. Code § 29-302. *Reynolds v. Wilson,* 121 Ga. App. 153 (173 SE2d 256) (1970).

Additionally, the promises allegedly made by appellant to be performed after closing were unenforceable. The Supreme Court has previously determined that the promises in this case affecting completions and repairs on the house were unenforceable because in order for these promises to have survived the closing and not been merged into the deed, such promises must have been included in a sales contract. *P. B. R. Enterprises v. Perren,* supra, at 282. Any ruling by the Supreme Court of Georgia shall be binding in all subsequent proceedings in that case in the lower court. Code Ann. § 81A-106 (h). Since the alleged oral promises did not constitute an enforceable contract, there could be no recovery based upon their breach.

In the present case the charge of the court did not correctly and accurately present to the jury the law applicable to the sole issue for their determination concerning appellant's liability. Accordingly, this case is remanded to the trial court to be determined upon the principles of law which the Supreme Court has previously held applicable to the issues raised herein.

2. Since our holding in Division 1 of this opinion is dispositive of the case, there is no need to consider appellant's remaining enumerations of error.

*Judgment reversed. McMurray, P. J., and Banke, J., concur.*

DECIDED MARCH 17, 1981.

*Walter P. Rowe, G. Michael Hartley, William L. Martin III,* for appellants.

*Alton T. Milam,* for appellee.