A92A2354. ALCO STANDARD CORPORATION v.
WESTINGHOUSE ELECTRIC CORPORATION.
(426 SE2d 648)

McMURRAY, Presiding Judge.

In January 1985, plaintiff Alco Standard Corporation experienced problems with three autotransformers which were used to start a large electric motor. Plaintiff's representative telephoned defendant Westinghouse Electric Corporation to arrange for the acceptance by defendant of the three autotransformers for repair and rewinding. Defendant agreed to rewind the autotransformers and they were shipped to defendant. The autotransformers were received by defendant on January 17, 1985, and the following day defendant sent to plaintiff a written acknowledgment of the work order.

The acknowledgment contained language which purported to provide, in lieu of all other warranties, whether statutory, express or implied, a limited warranty of the work to be performed, under which any defective work would be repaired for one year. Another provision provided that defendant would have no liability in contract or tort for any special, indirect, incidental, or consequential damages of a purchaser.

After defendant completed its work on the autotransformers, they were returned to plaintiff and reinstalled in the electric motor. Shortly thereafter, two of the autotransformers failed due to electrical faults.

Plaintiff filed this action seeking to recover damages for the interruption of business allegedly caused by the failure of the autotransformers. As amended, the complaint states alternative theories of negligence and breach of contract. Plaintiff appeals following the grant of defendant's motion for summary judgment. *Held*:

1. The superior court concluded that "a cause of action in negligence may not be maintained to recover for economic injury. *Chrysler Corporation v. Taylor*, 141 Ga. App. 671 [(234 SE2d 123)] (1971). Therefore, even if the defendant were negligent, the plaintiff cannot recover its damage on the negligence theory." Plaintiff now argues that this case is governed by the "accident exception" to the general

economic loss rule. "Under Georgia law, there is an accident exception to the general rule that an action in negligence does not lie absent personal injury or damage to property other than to the allegedly defective product. . . . An 'accident' should be defined as a sudden and calamitous event which, although it may only cause damage to the defective product itself, poses an unreasonable risk of injury to other persons or property." *Vulcan Materials Co. v. Driltech*, 251 Ga. 383, 388 (4) (306 SE2d 253).

In this case, there is no evidence that any "accident" occurred. A defendant may prevail on summary judgment "by showing the court that the documents, affidavits, depositions and other evidence in the record reveal that there is no evidence sufficient to create a jury issue on at least one essential element of plaintiff's case. If there is no evidence sufficient to create a genuine issue as to any essential element of plaintiff's claim, that claim tumbles like a house of cards. All of the other disputes of fact are rendered immaterial. See, e.g., *Holiday Inns v. Newton*, 157 Ga. App. 436 (278 SE2d 85) (1981). A defendant who will not bear the burden of proof at trial need not affirmatively disprove the nonmoving party's case; instead, the burden on the moving party may be discharged by pointing out by reference to the affidavits, depositions and other documents in the record that there is an absence of evidence to support the nonmoving party's case. If the moving party discharges this burden, the nonmoving party cannot rest on its pleadings, but rather must point to specific evidence giving rise to a triable issue. OCGA § 9-11-56 (e)." *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474). This enumeration of error is without merit.

2. The superior court also concluded that the written contract between the parties, apparently the acknowledgment sent by defendant following receipt of the autotransformers, specifically limited warranties and excluded liability for loss of profits or revenue, so that plaintiff cannot prevail on its claim for breach of contract.

Plaintiff's remaining enumeration of error contends that the superior court erred in failing to recognize that the limitation of warranty and liability provisions contained in the defendant's acknowledgment, and which purportedly barred plaintiff's breach of implied warranty claim, never became part of the contract between plaintiff and defendant.

There is some confusion in the arguments submitted in this case as to whether the transaction between the parties is governed by the "Uniform Commercial Code — Sales," OCGA § 11-2-101 et seq. and particularly OCGA § 11-2-207. However, this article applies only to transactions in goods and not to service or repair contracts. OCGA §§ 11-2-102 and 11-2-106 (1). In the case sub judice, title to the autotransformers was at all times in plaintiff. There was no sale of an

autotransformer, but a contract for repair. The materials furnished in connection with the repair was merely an incidental part of the services provided. Furthermore, there is no suggestion of any defect in the materials furnished by defendant in connection with the repair contract. Plaintiff's evidence is that the failure of the autotransformers arose from defendant's negligence in failing to rewind the autotransformers in a skillful and careful manner. It follows that the Uniform Commercial Code — Sales is not applicable to the relationship between the parties. *Gee v. Chattahoochee Tractor Sales*, 172 Ga. App. 351, 352-353 (1, 2) (323 SE2d 176); *American Warehouse &c. of Atlanta v. Floyd's Diesel Svc.*, 164 Ga. App. 106 (296 SE2d 64); *Lovett v. Emory Univ.*, 116 Ga. App. 277 (156 SE2d 923). See also 85 ALR4th, § 21.

As the Uniform Commercial Code — Sales is inapplicable, the case sub judice must be examined under general contract principles. The acknowledgment sent by defendant to plaintiff must be viewed as an offer to amend the oral contract between the parties. There is no evidence that plaintiff ever explicitly accepted the acknowledgment as an amendment to the contract between the parties. Thus, with OCGA § 11-2-207 inapplicable to the transaction at issue, for summary judgment purposes, we must assume that the terms stated in the acknowledgment never became a part of the contract between the parties. Nonetheless, the implied warranties provided under OCGA §§ 11-2-314 and 11-2-315 are not applicable to the transaction between the parties, not because of the language of the acknowledgment but because the Uniform Commercial Code — Sales is not applicable to the transaction.

Viewing the oral contract between the parties under general contract principles, we find that a duty is implied in every service, repair or construction contract to perform it skillfully, carefully, diligently, and in a workmanlike manner. *Coursey Bldg. Assoc. v. Baker*, 165 Ga. App. 521, 524 (5) (301 SE2d 688); *P. B. R. Enterprises v. Perren*, 158 Ga. App. 24 (1) (279 SE2d 292); *Howell v. Ayers*, 129 Ga. App. 899, 900 (1) (202 SE2d 189). Generally, the question of whether a defendant exercised the required degree of skill is for the trier of fact. *Doughty v. Simpson*, 190 Ga. App. 718, 720 (380 SE2d 57). Since plaintiff's evidence is that defendant failed to rewind the autotransformers in a skillful and careful manner, a jury question remains as to whether defendant breached its contractual obligation. The superior court erred in granting defendant's motion for summary judgment.

*Judgment reversed. Cooper, J., concurs. Sognier, C. J., concurs in the judgment only.*

Decided December 4, 1992 —
Reconsideration denied December 16, 1992.

*Drew, Eckl & Farnham, Clayton H. Farnham,* for appellant.
*Schreeder, Wheeler & Flint, David Flint, Alexander J. Simmons, Jr.,* for appellee.