A92A1733. RACKMYER v. BRADFORD.
(428 SE2d 674)

BLACKBURN, Judge.

The appellee, Roger Bradford, commenced this action against his sister, Linda Rackmyer, alleging the existence of a partnership formed to operate a pawnshop and seeking an accounting of the partnership affairs. The jury found that Bradford had a one-half interest in the business operated by the partnership, and awarded him money damages and attorney fees. Rackmyer appeals from the judgment entered on the jury's verdict.

The evidence presented by the parties was in sharp conflict on the nature and terms of the dealings between them. It is undisputed that the appellee and other business partners operated a pawnshop from May or June 1983 until the appellee was convicted of conspiring to traffic in marijuana and sentenced to state prison in February 1984. Evidence was adduced that the sale of firearms constituted a portion of the pawnshop's business. Virtually every other material fact was disputed.

The appellee testified that he left his wife and another employee in charge of operating the pawnshop when he was imprisoned. He testified further that the appellant and his wife came to visit him in June 1984 and informed him of problems with the operation of the business. According to the appellee, he and the appellant then agreed that he would give her a one-half interest in the business and that she would run it until he was released. The appellee also recounted the financial details of their agreement, part of which called for the appellant to pay the appellee's wife $600 per month until the appellee's release from prison.

The appellant testified that the pawnshop had been closed sometime in the spring of 1984 and that it had no inventory or utility service when she reopened it in June. She denied the existence of any partnership agreement with the appellee, and maintained that she

had taken over an abandoned business. The appellant and her husband testified that they had invested their own money in the venture, and had incurred a net loss from 1985 through 1990. The appellant also testified that any financial dealings with the appellee resulted from her efforts to assist the appellee's wife, who was ill and sometimes unable to take care of her financial affairs.

On appeal, the appellant contends that the evidence was insufficient to support the jury's finding that a partnership existed or that the appellee was due funds pursuant to an accounting, and also maintains that any such partnership would be against public policy because the appellee, as a convicted felon, was prohibited by law from obtaining a license to sell firearms. She also enumerates as error the trial court's refusal to give her requested jury instructions on the inability of a convicted felon to obtain a license to carry or sell firearms.

1. The appellant contends that because any person in the business of selling certain firearms must first obtain from the Department of Public Safety a license to do so under OCGA § 43-16-2, and because OCGA § 43-16-3 bars a convicted felon from obtaining such a license, any partnership agreement between the appellant and the appellee would be void and unenforceable as contrary to the public policy of this state. Under the facts of this case, we find that contention to be without merit.

" 'A contract to do an . . . illegal thing is void.' . . . For a contract to be illegal under this principle the purpose or object of the contract must be illegal. [Cits.] However, this rule has been held inapplicable where the object of the contract is not illegal or against public policy, but where the illegality is only collateral or remotely connected to the contract. [Cit.] '(T)he rule that an agreement in violation of law is invalid does not always apply where the existence of the thing in question is due to a violation of law only in the sense that incidentally some law was violated in its production, where it might have been created without such violation.' " *Shannondoah, Inc. v. Smith*, 140 Ga. App. 200, 202-203 (230 SE2d 351) (1976); see also *Krawagna v. H & S Liquor*, 176 Ga. App. 816 (1) (338 SE2d 284) (1985).

In the instant case, the activity which formed the subject matter of any partnership agreement between the appellant and the appellee was the operation of the pawnshop, and not the trade of firearms. Guns were sold in the course of the pawnshop business during the appellee's incarceration, and the appellee concedes that he could not engage in that specific activity if he presently operated a pawnshop. Nevertheless, it must be emphasized that the trade in firearms was incidental to, and not a necessary activity of, the actual subject matter of the partnership agreement.

It is not illegal for a convicted felon merely to operate a pawnshop. Inasmuch as the trade of firearms was only incidental to the

operation of the pawnshop during the period of time in question, the partnership agreement between the appellant and the appellee regarding the operation of the pawnshop did not violate public policy. For that reason, the trial court properly excluded any testimony expressing an opinion as to the legality of that partnership agreement, and correctly refused to instruct the jury regarding the illegality of convicted felons engaging in the sale of firearms.

2. As noted above, the testimony of the parties concerning the formation and terms of a partnership agreement was greatly conflicting. "On appeal, we construe all evidence most strongly in support of the verdict, for that is what we must presume the jury did; and if there is evidence to sustain the verdict, we cannot disturb it. [Cit.]" *J. C. Penney Cas. Ins. Co. v. Woodard*, 190 Ga. App. 727, 730 (380 SE2d 282) (1989). There was some evidence in this case supporting the finding of a partnership agreement between the appellant and the appellee, and the verdict thus may not be disturbed.

*Judgment affirmed. McMurray, P. J., and Cooper, J., concur.*

DECIDED MARCH 9, 1993.

*James E. Sherrill*, for appellant.
*Scott Walters, Jr.*, for appellee.