## A94A1992. BARNES & TUCKER COMPANY v. WESTINGHOUSE ELECTRIC CORPORATION.
(455 SE2d 409)

RUFFIN, Judge.

This is the second appearance of this case before this court. See *Alco Standard Corp. v. Westinghouse Elec. Corp.*, 206 Ga. App. 794 (426 SE2d 648) (1992).

Alco Standard Corporation ("Alco") sued Westinghouse Electric Corporation ("Westinghouse") for the negligent repair of certain autotransformers seeking damages for the interruption of its business allegedly caused by the failure of the autotransformers. Westinghouse moved for summary judgment, asserting as one of its grounds that Alco could not recover economic loss in a negligence action. Thereafter, Alco amended its complaint to add a claim for breach of implied warranty based on Westinghouse's alleged failure to repair and rewind the autotransformers in a skillful and careful manner. Westinghouse then supplemented its motion for summary judgment by filing a copy of an "Order Acknowledgment" which Westinghouse sent Alco upon its receipt of the autotransformers for repair. In addition to indicating Westinghouse's receipt of the autotransformers, the acknowledgment disclaimed any liability on the part of Westinghouse for breach of statutory, express or implied warranties or economic loss for work to be performed. The trial court granted Westinghouse's motion on Alco's negligence and contract claims, and Alco appealed to this court.

On appeal, this court agreed with Westinghouse that Alco's negligence claim could not be maintained. See id. at 795. With respect to the contract claim, we held that the trial court erred in finding that the acknowledgment barred the claim because there was no evidence that Alco ever explicitly accepted the acknowledgment as an amendment to the oral contract for repair of the autotransformers. Thus, we concluded that it must be assumed, for summary judgment purposes, that the terms stated in the acknowledgment never became part of the contract between the parties. Id. at 796. We further held that a jury question remained as to whether Westinghouse failed to rewind

the autotransformers in a skillful and careful manner and therefore breached the contract. Id.

Barnes & Tucker Company ("Barnes") was later substituted as party plaintiff in place of Alco, and the case proceeded to trial. Barnes moved the court to restrict Westinghouse from referring to the limitation of liability provision in the acknowledgment before the jury. Barnes argued that in *Alco,* supra, this court held that the acknowledgment never became part of the contract because there was no evidence of Barnes' explicit acceptance of the acknowledgment; thus, unless Westinghouse was able to produce evidence of Barnes' explicit acceptance of the acknowledgment, the issue should not be raised before the jury. The trial court denied the motion based on a contrary construction of *Alco,* that the question as to whether the acknowledgment became a part of the oral contract was a matter for the jury. The trial court also denied Barnes' request that the phrase "explicit acceptance" be included in the jury charge on acceptance of the written acknowledgment.

In its sole enumeration of error, Barnes contends the trial court erred in submitting to the jury and permitting Westinghouse's attorney to argue the limitation of liability provision contained in the acknowledgment in the absence of any evidence that Barnes explicitly accepted the acknowledgment as an amendment to the oral contract, as required by this court in *Alco,* supra. Barnes contends there are only two ways the court's decision on the breach of contract issue in *Alco* can be construed: (1) as a determinative holding that the terms of the acknowledgment never became part of the contract, and that the only issue to be decided by the jury would be whether Westinghouse breached its contractual obligation; or (2) as a holding that Barnes would not be bound by the terms of the acknowledgment unless and until evidence was presented at trial that Barnes had "explicitly accepted the acknowledgment as an amendment to the contract between the parties." See id. at 796. Barnes argues that since the trial court permitted the jury to consider the terms of the acknowledgment and Westinghouse failed to introduce any evidence of Barnes' explicit agreement to the terms of the acknowledgment, the trial court violated the law of the case rule applicable to appellate court decisions. See OCGA § 9-11-60 (h).

We do not agree that *Alco* must be construed as urged by Barnes. The court did not hold that the acknowledgment was not a part of the contract as a matter of law. The court held that Westinghouse did not satisfy its burden, as must the movant for summary judgment, of showing Barnes' acceptance of the acknowledgment as an amendment to the contract. Therefore, construing the evidence most favorably to Barnes, the party opposing summary judgment, the court was obligated to find no adoption of the acknowledgment, and the court "as-

sumed" for "summary judgment purposes," based on the evidence then in the record, that the acknowledgment never became part of the contract. See id. at 796; OCGA § 9-11-56 (c). "[T]he case [then] returned to the trial court in the exact status it held before appellate review, i.e., pending trial for determination of issues of fact." (Emphasis deleted.) *Ellington v. Tolar Constr. Co.*, 142 Ga. App. 218, 220-221 (1) (235 SE2d 729) (1977). In the instant case, those issues were whether Barnes accepted the acknowledgment as a part of the contract; whether the contract claim was barred by the limitation of warranty provision in the acknowledgment; and whether Westinghouse breached its contractual obligation to rewind the autotransformers in a skillful and careful manner.

Moreover, Westinghouse was entitled to introduce additional evidence at trial to show Barnes' acceptance of the acknowledgment (see id. at 221), and we do not agree with Barnes that *Alco* required Westinghouse to produce evidence of "explicit acceptance." The court merely indicated that there was no evidence in the record that Barnes explicitly accepted the acknowledgment to support the grant of summary judgment to Westinghouse on the contract claim. Furthermore, the construction urged by Barnes is contrary to long-standing authority. This court has previously held that "[e]ven if the contract provides it may not be changed except by writing, parties may subsequently by mutual consent enter into a new agreement at variance with the other. The modified agreement need not be expressed in words, in writing or signed, but the parties must manifest their intent to modify the original contract." (Citations and punctuation omitted.) *Randall & Neder Lumber Co. v. Randall*, 202 Ga. App. 497, 498 (414 SE2d 718) (1992). There is no indication that the court in *Alco* intended to depart from these well settled principles. Accordingly, the trial court did not err in declining to require Westinghouse to introduce evidence of Barnes' explicit acceptance.

Since the record shows that Westinghouse introduced evidence of Barnes' and Westinghouse's course of business dealings over the years and evidence of the circumstances under which the contract was formed in the instant case from which the jury could have determined that Barnes accepted the acknowledgment, the judgment entered on the jury's verdict must be affirmed. *Rackmyer v. Bradford*, 207 Ga. App. 667 (2) (428 SE2d 674) (1993).

*Judgment affirmed. Birdsong, P. J., and Blackburn, J., concur.*

DECIDED MARCH 17, 1995.

*Drew, Eckl & Farnham, Clayton H. Farnham,* for appellant.
*Schreeder, Wheeler & Flint, David H. Flint, Alex J. Simmons,*

*Jr.,* for appellee.